THE STATE ex rel. MISSOURI PACIFIC RAILWAY COMPANY and BENJAMIN F. BUSH, Receiver, Appellant, v. PUBLIC SERVICE COMMISSION.

In Banc, June 13, 1918.

**PUBLIC SERVICE COMMISSION**: Grain Scales: Repeal of Prior Statutes. The Public Service Act, by Section 49, Laws 1913, p. 588, invested the Commission with power to make an order for the erection and maintenance of track scales by a railroad company whenever public necessity therefor exists, and it repealed all prior statutes which interferes with the Commission's discretion to determine, in each individual case, the existence of the public necessity⸺ public convenience. It repealed Section 3157, Revised Statutes 1909, which required a railroad company to erect and keep in good condition, for use in weighing grain shipped over its road, true and correct scales, at all stations from which the shipments for the previous year amounted to fifty thousand bushels or more. And an order of the Commission which requires such scales to be maintained at a certain station, based alone on said Section 3157 and a showing that for the previous year fifty thousand bushels were shipped from said station, without any further showing of public necessity or public convenience, is invalid.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate, Judge.*

REVERSED AND REMANDED (*with directions*).

*James F. Green* and *H. H. Larimore* for appellant.

(1)   The order of the Public Service Commission requiring the installation and maintenance of track scales at Rich Hill for the sole purpose of weighing carload shipments of grain, and Sec. 3157, R. S. 1909, on which said order is based, are a discrimination in favor of one class of shippers and are invalid and unauthorized.   Sec. 23, Art. 12, Mo. Constitution; Railroad v. State, 107 Pac. 929; Midland Valley Railroad v. State, 133 Pac. 27; Ry. Co. v. Mo. Pub. Ser. Com., 192 S. W. 460.   (2)   The order of the Commission,

requiring the relators to expend money and use the property of the railway company in a specified manner, is not a mere administrative order, but is a taking of property and to be valid must be justified by a public necessity, and must not be unreasonable or arbitrary, and no such public necessity being shown, to enforce the order is to take relators' property without due process of law.   State ex rel. Oregon Ry. & Nav. Co. v. Fairchild, 224 U. S. 510; Great Northern Ry. Co. v. Minnesota, 238 U. S. 340; Interstate Com. Com. v. L. & N. Railroad Co., 227 U. S. 88; Railroad v. Wisconsin, 238 U. S. 491. (3) Sec. 3157, R. S. 1909, was in effect repealed by the Public Service Act approved March 17, 1913, and the order of the Commission is invalid in that it is based upon arbitrary provisions of said Section 3157, and not upon any findings of fact made by the Commission pursuant to a hearing held under the provisions of said Public Service Act.   Sec. 49, Public Service Act, Laws 1913; State ex rel. Rhodes v. Public Ser. Com., 270 Mo. 547; State ex rel. M. K. & T. Ry. Co. v. Pub. Ser. Com., 271 Mo. 270.   (4)   If said Section 3157 has not been repealed, then to enforce the same, or any order of the Public Service Commission made pursuant to its terms, would be arbitrary and unreasonable and would constitute the taking of the property of relators without due process of law, in violation of the provisions of Section 1, Article 14, Amendments to the Constitution of the United States.   Mo. Pac. Ry. Co. v. Nebraska, 217 U. S. 196; Mo. Pac. Ry. Co. v. Nebraska, 164 U. S. 403.

*A. Z. Patterson,* General Counsel and *James D. Lindsay,* Assistant Counsel, for respondent.

(1)   Track scales are a convenience—a facility or an instrumentality of transportation.   All carload shipments are weighed by railroads on the first track scales available, and the freight charges, and all transactions between the shipper and carrier, are based exclusively upon this weight.   Great Northern Railway

62        SUPREME COURT OF MISSOURI,

State ex rel. Mo. Pac. Ry. Co. v. Pub. Serv. Com.

v. Minnesota, 238 U. S. 340. (2) Since track scales are a transportation facility, the Public Service Commission has been granted power by the Legislature (Section 49, Public Service Act) to require their erection and maintenance, when public convenience and necessity demand that they "ought reasonably to be provided." (3) Section 3157, R. S. 1909, has not been revoked by express repeal, nor is it directly in conflict with the provisions of the Public Service Act. If it is repealed by implication, or is violative of constitutional provisions, as providing for the taking of property without due process of law, it can only be authoritatively declared repealed or held unconstitutional by the judicial branch of the State government, and not by the Public Service Commission, a non-judicial body. Lusk v. Atkinson, 268 Mo. 109. (4) If this court finds that Section 3157 has been repealed, or is violative of constitutional provisions, it should not reverse the judgment of the circuit court *in toto*, but should direct the circuit court to remand the cause to the Commission for the taking of further testimony, and for the determination of the question of whether or not public convenience and necessity reasonably require the installation and maintenance of track scales at Rich Hill. "The court may, in its discretion, remand any cause which is reversed by it to the Commission for further action." Section 3, Public Service Act; See, also, Secs. 39, 49, Public Service Act; Shallenberger Elev. Co. v. Ill. Central Railroad, 278 Ill. 333.

GRAVES, J.—For a number of years the Missouri Pacific Railway Company has maintained track scales at Rich Hill, Missouri. For five or six months the scales had been out of repair, and were not in use. The company were about to remove the scales, and the commercial club of the city of Rich Hill filed complaint with the Public Service Commission asking that the railway company be compelled to erect and maintain proper scales on its tracks at such city. This the Public Service Commission directed, and their

judgment, under statutory *certiorari* to the circuit court of Cole County, was by such court sustained, and by appeal taken by the railway company and B. F. Bush, its receiver, the case comes here.

The order of the Public Service Commission, as well as the opinion of the commission does not find that these scales are a necessary public convenience, except in the following limited way. The commission in its opinion says:

"The Missouri statute provides that at all stations or places from which the shipment of grain by the road of any railroad company shall have amounted, during the previous year, to fifty thousand bushels or more, such railroad company shall erect and keep in good condition for use, and use, in weighing grain to be shipped over its road, true and correct scales, of proper structure and capacity, for the weighing of grain by carload in its cars. Such railway shall carefully and correctly weigh each car upon which grain shall be shipped from such place or station, both before and after the same is loaded, and ascertain and receipt for the true amount of grain so shipped (Sec. 3157, R. S. 1909).

"The provisions of Section 49 of the Public Service Commission Law are broad enough to justify a Commission order requiring track scales as a facility in connection with the transportation of property where the evidence shows a public convenience or necessity, or that such facility 'ought reasonably to be provided.'

"In the judgment of the law-making body, as expressed clearly in Section 3157, supra, when the shipment of grain from any given point on the road shall have amounted during the previous year to 50,000 bushels or more, a public convenience or necessity arises, and therefore such scales 'ought reasonably to be provided.'"

From this it is clear that the Commission was of the opinion that the terms of said Section 3157, Revised Statutes 1909, fixed the measure of public

necessity, and the evidence having shown the quantity of grain therein named, the Commission was bound to find a public necessity, although the other evidence might disclose a different situation. The other evidence did strongly tend to show a different situation. It is clear that the Commission based its judgment as to public convenience on this statute. In so doing the railway urges error, in that the statute is of no force since the passage of the Public Service Commission Act. Such is the case in a nut shell.

I. If the Public Service Commission in this case had, on the facts involved, and excluding the force of Section 3157, Revised Statutes 1909, found that there was a public necessity for the track scales sought, then we might have a different question here. The Commission makes no such finding. We doubt whether they could make such finding upon the facts presented. What the Commision really has done is to say that they are bound upon the question of public necessity by the terms of the statute aforesaid. In other words, because Section 3157, supra, requires that a railroad should furnish track scales at all stations where the shipment of grain from such station had aggregated 50,000 bushels or more, the said Public Service Commission was bound to find a public necessity for such scales upon the showing that 50,000 or more bushels of grain had been shipped from Rich Hill, the year prior to the application made in this case. The evidence did show 50,000 or more bushels of grain for the previous year. But it is upon this theory as to the binding effect of Section 3157, alone, the Public Service Commission bases its finding as to public necessity. And upon such theory its order must stand or fall. The railway company urges that such statute has no binding effect, and this is the real question, which question we take next.

II. To my mind there is no question as to the power of the Public Service Commission to make an order for track scales. This power is contained in the

broad terms of Section 49 of the Public Service Commission Act. [Laws 1913, p. 588.] But this act requires the independent judgment of the Public Service Commission upon the facts before it, in the individual case, and without the influence or effect of any previous statute. In fact the whole act is expressive of a new theory of reaching results in matters pertaining to things to be done by public service corporations. It contemplates that orders may be made for things of public necessity or of public convenience in the transportation of either persons or property, but the act further contemplates that the question of public necessity or public convenience should be determined by the evidence in each particular case, and not by a previous statute which by its terms conflict with the Public Service Act.

The exact question, dealing with almost identical statutes, has been recently ruled by the Supreme Court of Illinois, in State Public Utilities Commission ex rel. Baber v. Cleveland, C., C. & St. L. Ry. Co., 119 N. E. 310. That our Section 3157, Revised Statutes 1909, conflicts with our Public Service Commission Act is made so clear by CARTWRIGHT, J., in the Illinois case, supra, that we adopt that opinion as our own in this case. Among other things, the Illinois court says:

"The authority to enforce reasonable regulations for the weighing of grain and freight offered for shipment and to test the weights used in weighing freight on cars necessarily implies power to decide what regulations are reasonable and what they shall be. The law is that, if two statutes deal with the same subject-matter and are inconsistent with each other, so that both cannot be operative as to such subject-matter, the latter act will be regarded as a substitute for the former one and will operate as a repeal, although it contains no express repealing clause. A requirement that a carrier shall furnish track scales is a regulation in regard to weighing cars and the freight thereon. Section 2 of the Act of 1871, as amended in 1877, and

275 Mo.—5

the Public Utilities Act, deal with the same subject; one classifying stations by the amount of grain shipped therefrom, and fixing a definite rule, subject to no choice, judgment, or discretion, and the other committing to the judgment of the Public Utilities Commission what will constitute a reasonable regulation. Section 2 requires the installation of track scales, whether in the judgment of the Commission such installation is reasonable or unreasonable, and Section 2, if in force, would restrict the power of the Commission to determine and enforce reasonable regulations. The one act leaves nothing to the judgment or discretion of the Commission, and the other commits everything to its discretion; so that the two are irreconcilable, and both cannot be in effect as to the same subject-matter. The judgment of the Public Utilities Commission might be that the requirement of track scales at a station like Dudley was reasonable or unreasonable, or that track scales should be furnished at stations where less than 50,000 bushels of grain are shipped in a year. Inasmuch as the two acts are irreconcilable, and relate to the same subject-matter, Section 2 was repealed by the Public Utilities Act."

The scope of the statutes in the two states are so similar, that further comment is unnecessary. A reference thereto is all that is required. We therefore hold that our said Section 3157 was repealed by our Public Service Commission Act, and the present order of our Public Service Commission which was based thereon, should be reversed.

Inasmuch as the circuit court affirmed the order, we will reverse the judgment of that court and remand the cause to be proceeded with as herein indicated. It is so ordered. All concur.