## STATE EX REL. BAKER *v.* WICHMAN ET AL., COUNTY COMMISSIONERS

No. 2868

August 29, 1929. 279 P. 937.

*C. C. Ward* and *Cooke & Stoddard,* for Respondents
(on demurrer to complaint) :

*Thatcher & Woodburn* and *Green & Lunsford,* for Relator:

## OPINION

By the Court, COLEMAN, J.:

This is a proceeding in quo warranto to restore relator to the position of chairman of the board of county commissioners of Mineral County. The petition alleges that he was elected a member of the board of county commissioners of said county at the general election in 1926, for the term of four years from the first Monday in January, 1927, and that the respondents were elected members of said board at the general election in 1928, to take office on the first Monday in January, 1929; that at the first meeting of said board, on the first Monday in January, 1929, relator was elected chairman of said

board; that at a regular meeting of said board of county commissioners held on the 5th day of April, 1929, a resolution was offered and adopted by a majority vote declaring the chairmanship of said board vacant, and thereafter at the same meeting a motion was made and carried by a majority vote to the effect that the respondent Wichman be the chairman of said board. The reason recited for such action was the enactment of a certain statute by the legislature of Nevada at the session in 1929 (Stats. 1929, c. 70), making the chairman of the board of county commissioners of Mineral County the manager of the Mineral County power system. To the petition a general demurrer was filed.

It is the contention of the relator that he was elected chairman for a term of two years; that such chairmanship is a public office; and that the resolution removing him from said position and the electing of the respondent Wichman was illegal, null, and void; and hence he should be ordered restored to said position of chairman. The election and qualification of members of the boards of county commissioners of the state, the holding of meetings of the board, and the like, is controlled by the county government act, Stats. 1865, p. 257 Rev. Laws, sec. 1501 et seq., as amended.

Section 3 of the act as amended (Stats. 1921, p. 94, c. 54) reads: "The meetings of the board of county commissioners shall be held at the county seats of their respective counties * * *; and provided, that the first meeting of said board in odd-numbered years shall be held on the first Monday in January. * * * "

Section 5 of the act as amended (Rev. Laws, sec. 1505), provides: "A majority of the board shall form a quorum for the transaction of business. * * * They shall elect one of their number as chairman of the board. * * * In case the chairman shall be absent at any meeting of the board, all documents, records, or papers requiring the signature of the board shall be signed by the members present."

Pursuant to the election held in November, 1928, a new board of county commissioners of Mineral County

came into existence on the first Monday in January, 1929. According to the allegations of the petition, it organized by electing the relator as chairman. It is the contention of the respondents that the provisions of section 1505, Rev. Laws, to the effect that the board shall elect one of their members as chairman, is directory merely, and hence the board is at liberty to remove a chairman at pleasure. This contention is based upon the use of "shall," instead of "must," in the section mentioned.

■ "Must" has often been construed as merely directory (Words and Phrases, First, Second, and Third Series) ; hence the failure to use that word means but little. As we said in Eddy v. State Board of Embalmers, 40 Nev. 329, 163 P. 245, whether a word is to be construed as mandatory or directory depends upon the intention to be gathered from the statute, if such intention can be ascertained. While we think the word "shall" as used in the section mentioned, should be construed as mandatory, we think it does not matter in this case whether or not it is so construed. The history of such bodies in this state is that it has been the uniform custom to elect a chairman at the first meeting of a new board. Orderly procedure requires that there should be a chairman, since the board has to hear many applications, grievances, and the like, and there must be some one to direct the proceedings. And it is clear that it was the intention of the legislature that, upon the incoming of a new board, a chairman should be elected. It is also clear that it was the intention that such board should organize for the period of its existence, subject to certain contingencies, not necessary here to enumerate. To take any other views would lead to serious consequences, for, as said in Prichard v. McBride et al., 28 Idaho, 346, 154 P. 624, 625: "A construction of the statute to the effect that the commissioners may, at any or all of their regular meetings, make a change in the chairmanship of the board, would result, in our judgment, in confusion and a lack of that orderly proceeding on the part the board in dispatching public business

which is contemplated by the statutes, and which the electors in the county have a right to expect."

While the case of Burgan v. New Jersey Civil Service Comm., 84 N. J. Law, 219, 86 A. 929, is not identical in its facts, by analogy it strongly supports the view we have expressed. In that case the court had under construction a question growing out of the employment of a secretary by a county tax board. The court said:

"A reading of this act makes it manifest that it compels a reorganization of the board annually, because by force of its provisions one member of the board goes out each year and a new member takes his place. And section 3 of the act provides: 'Each board shall, upon organization, elect from among their number a president, and shall have power to employ a secretary, and fix his compensation, which shall in no case be in excess of the amount paid to any member of such board. * * *' The statute clearly implies the employment of a secretary by the board, for the term of one year— that is, during the life of the board, which is limited to one year—or otherwise the provision for the organization of the board annually, and the election from their number (including the new member) of a president, and with power to employ a secretary, would be rendered senseless. We think that the term of the secretary is as definitely fixed by law for one year, by the statute, as if the act had in express terms stated that the term of employment of the secretary shall be one year. The logical sequence of this view is that Mr. Smith's term was fixed by law, and was properly filled by the new board."

The case of Woolley v. Flock, 92 N. J. Law, 65, 105 A. 489, is to the same effect.

■■ We are clearly of the opinion that the resolution purporting to remove the relator as chairman of the board of county commissioners was illegal, null, and void; however, we feel that these proceedings should be dismissed, since such chairmanship does not constitute a public office, but a mere position. In State v. Cole, 38 Nev. 215, 148 P. 551, we considered at great length

the question of what constitutes a public office. Counsel point out that the board of county commissioners is authorized by the constitution, and various sections of the statute are called to our attention which it is claimed support such contention.

There is no doubt whatever but that a county commissioner is a public official. But it does not follow that the chairmanship of the board constitutes an office. The act which provides for the election of a chairman does not require that the chairman, as such, shall take an oath, and no sovereign power is intrusted to him. In fact, none of the elements essential to the existence of an office is expressed in the statute.

It is true that statutes subsequently enacted provide that the chairman shall perform certain duties, but they are not incident to the existence of the position, for, if these statutes were all repealed, the position would still exist.

For the reason given, it is ordered that this proceeding be, and it is hereby, dismissed.