PUBLIC SERVICE COMMISSION OF MISSOURI, APPELLANT, v. MISSOURI PACIFIC RAILROAD COMPANY, A CORPORATION, AND GUY A. THOMPSON, TRUSTEE, RESPONDENTS.—194 S. W. (2d) 314.

Springfield Court of Appeals. March Session, April 22, 1946.

Rehearing Denied. May 13, 1946.

956

*John P. Randolph,* General Counsel, and *Wilbur F. Hall,* Assistant Counsel, for appellant, Missouri Public Service Commission.

*Delmar Dail* and *Frank Mattes* for Brotherhood of Railroad Trainmen.

958

*Thomas J. Cole, Ragland, Otto, Potter & Embry, James A. Potter* and *Leon P. Embry* for respondents.

960

BLAIR, J.—On August 28, 1943, the Brotherhood of Railroad Trainmen filed with the Public Service Commission of Missouri, its application for an order of the Commission, requiring the railroad to discontinue the practice of operating one of its passenger trains with one of its baggage cars in the rear thereof. Thereafter, the railroad filed its answer with the Public Service Commission, admitting that a car is carried on the rear of train No. 11, from St. Louis to Kansas City, with an opening in each end thereof, and loaded with baggage and mail. It is alleged that the car was so carried to save time at Kansas City and was safe, as so used. And further alleged that Section 5212, R. S. Mo. 1939, was repealed by implication by the Public Service Commission Act, particularly by Sections 5623 and 5626, R. S. Mo. 1939.

On hearing the case, the Commission made the following order:

"That the General Counsel of this Commission and his successors in office, is hereby ordered and directed to commence and to prosecute an action or proceeding in any Circuit Court of the State of Missouri in the name of this Commission for the purpose of having such violations, or any continued or threatened violations of Section 5212, Rev. Statutes of Mo. 1939, stopped and prevented either by *mandamus* or injunction."

Section 5212, R. S. Mo. 1939, referred to in said order, is as follows:

"In forming a passenger train, baggage, freight, merchandise or lumber cars shall not be placed in rear of passenger cars; and if they, or any of them, shall be so placed, the officer or agent who so directed or knowingly suffered such an arrangement, and the conductor of the train, shall be deemed guilty of a misdemeanor, and be punished accordingly."

The reasons actuating the Commission in making such order are succinctly stated in the opinion of said Commission, as follows:

"It is the opinion of this Commission that the question of whether or not the carrying of this baggage car on the rear end of this passenger train is safe or unsafe is not material herein, and that we must, in the performance of our duty herein, accept the provisions of said Section 5212 as written. For that reason we have not set forth the evidence on the question of safety or discussed the matter. Even if we believed the operation to be a safe one, as to which we express no opinion, still it is our duty to enforce the statute. [Secs. 5619 and 5641, *supra.*]"

After the making of such order, the counsel for the Commission on June 16, 1944, filed with the Circuit Court of Cole County, its petition for statutory injunction, praying the court to enjoin the railroad "from violating Section 5212, Revised Statutes 1939, by carrying a baggage car on the rear of defendants' train No. 11 or on the rear of any other of defendants' passenger trains and that the Court enter such further orders and decrees as may be just and proper, the premise considered, and assess the costs of this action against the defendants."

On July 11, 1944, defendants, now respondents, filed their answer in the Circuit Court of Cole County. On September 1, 1944, the venue of said case was changed by agreement to Maries County. On September 25, 1944, said cause came on for hearing before Judge JACKSON, and, after hearing all of the evidence and examining the exhibits offered, said judge rendered judgment on May 15, 1945, in favor of defendants and denied the injunction sought by plaintiff, from which order and judgment plaintiff duly appealed to this Court, and the case is thus before us.

It is apparent, from the opinion of the Commission, that it issued its order solely because the Commission believed that Section 5212,

Revised Statutes Missouri 1939, was still in force and binding upon the Commission, without regard to the then safety of such practice.

We need not determine whether or not said car was exclusively a baggage car, or whether or not the practice of placing said car at the rear of the passenger train was safe or unsafe. If said statute was not in force and effect at the time the Commission made its order, such order, as made, was not justified. It is admitted that the Commission had never made any prior order in which cars should be carried. If said Section 5212, Revised Statutes Missouri 1939, had been repealed by implication, there was no rule or order in effect. The Commission took the position that it had no power in the premises, except to enforce the existing statute, and that the carrying of a baggage car in the rear of passenger cars violated Section 5212, Revised Statutes Missouri 1939, and that such section had not been repealed, even by implication.

On the other hand, the railroad contended that said Section 5212 had been repealed by implication by the enactment of the Public Service Commission Law, and particularly by Sections 5623 and 5626, Revised Statutes Missouri 1939. Our task then, is to determine whether the enactment of those later sections of the statute had the effect of repealing Section 5212, Revised Statutes Missouri 1939, by implication.

Section 5623, Revised Statutes 1939, is very long. The portion in which we are especially interested in this case is paragraph 2 thereof, and this provides that:

"Whenever the commission shall be of the opinion, after a hearing had upon its own motion or upon complaint, that the regulations, practices, equipment, appliances or service of any such common carrier, railroad corporation or street railroad corporation in respect to transportation of persons or property within this State are unjust, unreasonable, unsafe, improper or inadequate, the commission shall determine the just, reasonable, safe, adequate and proper regulations, practices, equipment, appliances and service thereafter to be in force, to be observed and to be used in such transportation of persons and property and so fix and prescribe the same by order to be served upon every common carrier, railroad corporation and street railroad corporation to be bound thereby;" See also Section 5626, Revised Statutes 1939, which is to the same effect, and not quoted.

There is no question in our minds that, had the Commission previously made an order specifying just how passenger trains should be made up, if reasonable, such order would have superseded Section 5212. This the Commission had not done. It simply held that, "It is the opinion of this Commission that the question of whether or not the carrying of this baggage car on the rear end of this passenger train is safe or unsafe is not material herein, and that we must, in

the performance of our duty herein, accept the provisions of said Section 5212 as written.'' In other words, the Commission held that, since the Legislature many years before, and with the train equipment then in use, had said that a baggage car should not be carried on the rear end of a passenger train, it had no choice in the matter and could not exercise its independent judgment in the matter, in the light of the then conditions in the World. It is true that repeals by implication are not favored. [State v. Malone, 192 S. W. (2d) 68, and cases therein cited.] However, our Supreme Court en banc, has held that a quite similar statute (Sec. 3157, R. S. Mo. 1909) was repealed by implication by the enactment of the Public Service Commission Law. [The State ex rel. Mo. Pacific Railway Co., and Benjamin F. Bush, Receiver, Appellant, v. Public Service Commission, 275 Mo. 60, 204 S. W. 395.] Judge GRAVES, therein said:

''From this it is clear that the Commission was of the opinion that the terms of said Section 3157, Revised Statutes 1909, fixed the measure of public necessity, and the evidence having shown the quantity of grain therein named, the Commission was bound to find a public necessity, although the other evidence might disclose a different situation. The other evidence did strongly tend to show a different situation. It is clear that the Commission based its judgment as to public convenience on this statute. In so doing the railway urges error, in that the statute is of no force since the passage of the Public Service Commission Act. Such is the case in a nut shell.''

In the case before us, the Commission did not hold that safety required that no baggage car should be carried on the rear end of a passenger train. In the case cited, the Commission held that Section 3157, Revised Statutes 1909, measured the public convenience and necessity without regard to changed conditions. Judge GRAVES said:

''To my mind there is no question as to the power of the Public Service Commission to make an order for track scales. This power is contained in the broad terms of Section 49 of the Public Service Commission Act. [Laws 1913, p. 588.] But this act requires the independent judgment of the Public Service Commission upon the facts before it, in the individual case, and without the influence or effect of any previous statute. In fact the whole act is expressive of a new theory of reaching results in matters pertaining to things to be done by public service corporations. It contemplates that orders may be made for things of public necessity or of public convenience in the transportation of either persons or property, but the act further contemplates that the question of public necessity or public convenience should be determined by the evidence in each particular case, and not by a previous statute which by its terms conflict with the Public Service Act.'' [Laws of 1913, p. 588, is now Section 5626, R. S. Mo. 1939, cited by respondents.]

If the question of public convenience and necessity, for many years afterward, was not determined by the Legislature in enacting Section 3157, Revised Statutes 1909, and that section was impliedly repealed by the enactment of the Public Service Commission Law, we are unable to see on what theory the Public Service Commission could hold that Section 5212, Revised Statutes Missouri 1939, was not repealed and was in force and effect at the time its order was made, regardless of the public safety involved in carrying a baggage car at the rear end of a passenger train, at that time and under conditions then prevailing.

The case referred to seems to be squarely in point and decisive of this case. The judgment of the Circuit Court was for the right parties litigant, and should be affirmed. It is so ordered.

*Fulbright, P. J.*, and *Vandeventer, J.*, concur.