PUBLIC SERVICE COMMISSION OF MISSOURI, Appellant, v. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, and GUY A. THOMPSON, Trustee.—No. 39999.—197 S. W. (2d) 665.

Court en Banc, November 11, 1946.

680

*John P. Randolph,* General Counsel, and *Wilbur F. Hall,* Assistant Counsel, for appellant Public Service Commission; *Delmar Dail* and *Frank Mattes* for Brotherhood of Railroad Trainmen.

*Thomas J. Cole, Ragland, Otto, Potter & Embry, James A. Potter* and *Leon P. Embry* for respondents.

TIPTON, C. J.—This is a proceeding to review the decision of the Springfield Court of Appeals in the case of Public Service Commission v. Missouri Pacific R. Co. et al., reported in 194 S. W. (2d) 314.

The Brotherhood of Railroad Trainmen filed with appellant its application for an order requiring the discontinuance by respondents of carrying a baggage car on the rear of its train No. 11 from St. Louis to Kansas City. After a hearing before appellant, appellant made an order directing respondents to discontinue the practice, the sole reason assigned being that respondents' practice violates Section 5212, R. S. Mo. 1939.

Counsel for appellant then brought an injunction suit in the circuit court of Cole County against respondents to enforce this order. Among other defenses, respondents pleaded in their answer that Section 5212, supra, had been repealed by implication by the enactment in 1913 of the Public Service Commission laws. By agreement the case was transferred to the Maries County circuit court, and after a trial that court entered a judgment denying ·the injunction. Appellant appealed the case to the Springfield Court of Appeals and the judgment of the trial court was affirmed for the reason that Section 5212 was repealed by implication when the Public Service Commission Act became effective.

Section 5212 was enacted in 1853 and reads as follows:

"In forming a passenger train, baggage, freight, merchandise or lumber cars shall not be placed in rear of passenger cars; and if they,

or any of them, shall be so placed, the officer or agent who so directed or knowingly suffered such an arrangement, and the conductor of the train, shall be deemed guilty of a misdemeanor, and be punished accordingly."

As previously stated, respondents contend that this section was repealed by implication by the enactment of the Public Service Commission laws and particularly by Sections 5623 and 5626, R. S. Mo., 1939, and both the trial court and the court of appeals sustained this contention. Therefore, the question for determination is: Was Section 5212, supra, repealed by the enactment of the Public Service Commission Laws?

The pertinent part of Section 5623, supra, is paragraph 2, which reads as follows: "Whenever the commission shall be of the opinion, after a hearing had upon its own motion or upon complaint, that the regulations, practices, equipment, appliances or service of any such common carrier, railroad corporation or street railroad corporation in respect to transportation of persons or property within this state are unjust, unreasonable, unsafe, improper or inadequate, the commission shall determine the just, reasonable, safe, adequate and proper regulations, practices, equipment, appliances and services thereafter to be in force, to be observed and to be used in such transportation of persons and property and so fix and prescribe the same by order to be served upon every common carrier, railroad corporation and street railroad corporation to be bound thereby; and thereafter it shall be the duty of every common carrier, railroad corporation and street railroad corporation to observe and obey each and every requirement of every such order so served upon it, and to do everything necessary or proper in order to secure absolute compliance with and observance of every such order by all of its officers, agents and employees." Section 5626, supra is to the same effect.

Note the language of the section. It says that if after a hearing the commission shall be of the opinion that the practices of a common carrier in respect to transportation of persons are unsafe, then the commission shall determine the regulations and practices "and service thereafter to be in force, to be observed and to be used in such transportation of persons . . . and so fix and prescribe the same by order to be served upon every common carrier . . . to be bound thereby . . ."

There is no doubt in our minds that under this section appellant, after a hearing, could order respondents to stop the practice of carrying a baggage car on the rear of train No. 11 if the evidence at the hearing justified such an order, or if the evidence justified it, the commission could make an order requiring all passenger trains to carry an all steel car at the rear of the train in which no passengers

would be permitted to ride as a safety measure in event of rear end collisions. Thus, if the commission had previously made either of the above orders, that is, the one prohibiting a baggage car being carried at the rear of a passenger train or an order requiring an all steel baggage car to be carried at the rear of all passenger trains, then either order would directly conflict with Section 5212, supra.

In the case of State ex rel. Missouri Pacific Railway Co. v. Public Service Commission, 275 Mo. 60, 204 S. W. 395, we held a similar statute (Section 3157, R. S. Mo. 1909) to have been repealed by implication upon the enactment of the Public Service Commission laws. This section required that at all places or stations from which the shipment of grain by any railroad amounted to 50,000 bushels or more for the previous year, such railroad was required to erect and maintain true and correct scales for the purpose of weighing the grain. The railroad did not keep its scales in proper condition, in fact, it was in the act of removing them at Rich Hill, Missouri. After a hearing before the Public Service Commission, it made an order requiring the railroad to maintain the scales in proper condition, solely upon authority of Section 3157, supra. We held that under Section 49 of the Public Service Commission Act, Laws of 1913, p. 588 (now Section 5626, R. S. Mo. 1939), the commission did have the power to make an order for the maintenance of such scales if the evidence introduced at the hearing justified such an order. Therefore, Section 49 repealed by implication Section 3157, supra, because Section 49 conflicted with it.

As previously stated, Section 5212 is in direct conflict with Sections 5623 and 5626, supra, and under Section 5719, R. S. Mo. 1939, of the Public Service Commission laws, Section 5212 was repealed. Section 5719, supra, reads:

"That sections 9568, 9569 and 9570, article 8, chapter 84, Revised Statutes, 1909, and all other laws and parts of laws in conflict with this law are hereby repealed. The provisions of this law are not intended to repeal any law now in force, unless in direct conflict therewith, but is intended to be supplemental to such laws."

We do not think that the case of State ex rel. Kansas City et al. v. Public Service Commission, 301 Mo. 179, 257 S. W. 462, relied upon by appellant, is in point, Section 9850, R. S. Mo. 1919, required assent of the city before any railroad could construct tracks across any of the city's streets. Section 10458 and 10459, R. S. Mo. 1919, delegated to the Public Service Commission the authority to prescribe the manner in which a street crossing is to be installed, used and maintained. We held that Section 9850, supra, was not repealed by implication upon the enactment of Sections 10458 and 10459 for the reason that there was no conflict between these sections. That is to

684

say, Sections 10458 and 10459 gave the commission the power to prescribe the manner in which street crossings should be installed but only after the city gave consent for the railroad to cross the city's street.

From what we have said, it follows that the judgment should be affirmed. It is so ordered. All concur.