SOUTHERN NEVADA TELEPHONE COMPANY, A NEVADA CORPORATION, APPELLANT, v. V. CHRISTOFFERSEN, RESPONDENT.

No. 4361

June 27, 1961

363 P.2d 96

*McNamee & McNamee* and *E. M. Gunderson,* of Las Vegas, for Appellant.

*Gordon L. Hawkins,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Christoffersen commenced this action against Southern Nevada Telephone Company to recover the penalties provided by Ch. 274, Stats. Nev. 1913, contending that he had requested telephone service but none was furnished. The lower court found for Christoffersen and entered judgment against the telephone company for $2,040, from which judgment the latter has appealed.

The mentioned statute reads: "SECTION 1. Upon the application in writing of the owner or occupant of any building or premises located within a telephone exchange district distant not more than two hundred feet from any wire or supply except ones used in interstate service of any telephone company or corporation, and payment by the applicant of all money due from him, the company or corporation must install and place in proper position, all necessary instruments and appliances, and furnish and supply necessary electric energy

and power for use in operating said telephone instruments in such building or premises, and cannot refuse on the ground of any indebtedness of any former owner or occupant thereof, unless the applicant has undertaken to pay the same, nor require any deposit or payment in advance; *provided, however,* any such corporation may at its option require such applicant to execute a bond to such corporation in a sum not to exceed five dollars with one surety thereon who is a freeholder of the county within which said premises are located conditioned for the payment of any indebtedness due or to become due such corporation by reason of any such service, which bond shall be prepared by such corporation requiring the same.

"If for the space of thirty days after such application, the company or corporation refuses or neglects to provide and install such instruments and furnish services required, it must pay to the applicant the sum of fifty dollars as liquidated damages, and five dollars per day as liquidated damages for every day such refusal or neglect continues thereafter."

The evidence is not in conflict. It discloses that Christoffersen is the owner and occupant of a residence located within the telephone exchange district which encompasses the city of Las Vegas, Nevada. In 1955 the telephone company had completed installation of a temporary "drop wire" from a cable terminal to the Red Rock school. This wire passed within 200 feet of 87 dwellings, one of which belonged to Christoffersen. Before that installation Christoffersen had requested the telephone company to furnish him service. That request was renewed following installation of the drop wire to the Red Rock school. Service could have been furnished Christoffersen by soldering a drop wire to the Red Rock school line. Indeed, three of the 87 dwellings could have received service in this manner. However, no more than three dwellings could have been furnished service because the ringing equipment at the central office would not signal more than four parties on any one line. To supply service to the 87 dwellings would require a different ringing system which could not be obtained and installed in less than one year.

In its written decision the lower court found that all requirements of the 1913 statute, necessary to a claim for the penalties therein provided, were satisfied by the proof.

That court also rejected the contention of the telephone company that Ch. 109, Stats. Nev. 1919, defining public utilities, creating a public service commission and defining its duties and powers, repealed by necessary implication the 1913 statute upon which this action is based. This ruling is one of the many alleged errors assigned by the telephone company and, in our view, is the only assignment of error that need be considered.

The 1913 statute continued in apparent existence until after the decision in the instant case was rendered. 1919 Rev. Laws, p. 3206; NCL 1929, sec. 7684; NRS 707.330. In 1959 the legislature expressly repealed that statute. Stats. Nev. 1958–1959, ch. 139, p. 156; NRS 707.330. Christoffersen argues that this fact, standing alone, nullifies the possibility of an implied repeal as urged by the telephone company. It is true that a later express repeal of a particular statute may be construed as some indication that the legislature did not previously intend to repeal that statute by implication. However, such indication of legislative intent cannot prevail if, in reality, the 1913 statute upon which the present suit is based, is basically inconsistent with the 1919 act creating and defining the powers of the public service commission.

The latter act, and particularly NRS 704.210 thereof, provides, inter alia, that the commission shall have "full power to prescribe classifications of the service of all public utilities, and fix and regulate the rates therefor." The record on appeal reveals that the commission did approve rules and regulations for telephone service and established priorities. The Red Rock school, a governmental service, qualified within Category 1 of that priority schedule, thus being entitled to a preference to service. Christoffersen, and others similarly situated, fell within Category 9 of that schedule, meaning that those within the 8 preceding categories had a preferred right to service.

The legislative grant of "full power" to prescribe classifications of the service must mean precisely what it says. It cannot reasonably mean a limited or restricted power. Therefore, it cannot mean, as Christoffersen must contend, full power to classify in all cases except the case involving an owner or occupant of a residence within a telephone exchange district and situated within 200 feet of a wire or supply. Of course, the power thus granted the commission must not be arbitrarily or capriciously used. However, the present case presents no contention in this regard.

In our view, application of the 1913 act is necessarily inconsistent with the full power granted the commission by the later statute. The latter, by necessary implication, repealed the former. This view is squarely supported by the case of State Public Utilities Commission ex rel. Baber v. Cleveland, C., C. & St. L. Ry. Co., 283 Ill. 374, 119 N.E. 310, decided by the Supreme Court of Illinois and followed by the Missouri Supreme Court in State ex rel. Missouri Pac. Ry. Co. v. Public Service Commission of Missouri, 275 Mo. 60, 204 S.W. 395.

This court has heretofore recognized that a statute establishing a comprehensive plan for regulating a particular subject matter, repeals, by necessary implication, an earlier law dealing with but a small part of the same subject. City of Carson v. County Commissioners, 47 Nev. 415, 224 P. 615; State v. Economy, 61 Nev. 394, 130 P.2d 264.

Accordingly, the judgment of the lower court must be, and is, reversed.

BADT, C. J., and COMPTON, D. J., concur.

McNAMEE, J., having disqualified himself, the Governor designated Honorable Wm. P. Compton, Judge of the Eighth Judicial District Court, to sit in his place and stead.