THE STATE OF NEVADA, Appellant, v.
ERNEST THOMPSON, Respondent.

No. 6882

July 13, 1973                    511 P.2d 1043

*Robert List,* Attorney General; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Appellant.

*Fry and Fry,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

Ernest Thompson was employed by the Washoe County Fair and Recreation Board as the Building Superintendent for the Centennial Coliseum. The grand jury indicted him for the gross misdemeanor of misconduct of a public officer in violation of NRS 197.110, alleging that he had illegally accepted money from one to whom he had granted the right to operate a concession at the Centennial Coliseum. The indictment was dismissed by the district court on the ground that Thompson was not a public officer. The State has appealed from that ruling.

1. NRS 197.110 pursuant to which the indictment was returned is a part of Title 16 concerning Crimes, Punishments and Correctional Institutions, and was enacted in 1911. NRS 193.010(16) defining "officer" and "public officer" for the purposes of Title 16 provides that those terms "shall include all assistants, deputies, clerks, and employees of any public officer and all persons exercising or assuming to exercise any of the powers or functions of a public officer." This description of the words "officer" and "public officer" also has been operative since 1911.

It is conceded that the position held by Thompson, that of Building Superintendent of the Centennial Coliseum, was not created by constitution, statute, charter or ordinance. His office was created administratively by the Fair and Recreation Board. Likewise, it is conceded that Thompson did not take the oath of office required of public officers. Nev. Const. art. 15, § 2; NRS 282.010. Moreover, his duties were not fixed by law, but rather, were as defined by the Fair and Recreation Board. These admitted facts together with a 1967 legislative enactment concerning the meaning of the words "public officer" prompted Thompson to move the district court to dismiss the indictment, and persuaded that court to grant such motion.

The 1967 enactment is NRS 169.164, and was added to Title 14, The Nevada Criminal Procedure Law. That section states that a "public officer" means a person elected or appointed to a position which (1) is established by the Constitution or a statute of this state, or by a charter or ordinance of a political subdivision of this state, and (2) involves the continuous exercise, as a part of the regular and permanent administration of the government, of a public power, trust or duty.

In view of the admitted facts heretofore mentioned, it is clear that Thompson does not fall within the 1967 definition of a public officer. It does not inevitably follow, however, that he thereby is insulated from an accusation under Title 16. This turns upon whether the definition of a public officer in NRS 169.164 of Title 14 enacted in 1967 had the effect of repealing the 1911 definition expressed in NRS 193.010(16) of Title 16 pursuant to which the indictment was returned.

2. The 1967 act, of which NRS 169.164 is a part, does not expressly repeal NRS 193.010(16). We must, therefore, ascertain whether a repeal by necessary implication occurred when the later statute became law.

Repeals by implication are not favored and will not be

indulged if there is any other reasonable construction. State v. Economy, 61 Nev. 394, 397, 130 P.2d 264 (1942). On the other hand, if the later statute covers the whole subject matter of the earlier act and it is evident that it was intended as a substitute for it, a repeal by implication does occur. State v. Economy, supra; So. Nev. Tel.· Co. v. Christoffersen, 77 Nev. 322, 363 P.2d 96 (1961).

It is our opinion that NRS 193.010(16) is still viable and was not impliedly repealed by the enactment of NRS 169.164. Title 16, and particularly ch. 197 thereof, describes substantive crimes by and against the executive power of the state and, by virtue of the definition of public officer contained in NRS 193.010(16), an employee of a public officer who commits an act proscribed by NRS 197.110 is guilty of a gross misdemeanor. Thompson was an, employee of the Fair and Recreation Board whose members are public officers, and is alleged to have committed an act in violation of NRS 197.110.

The 1967 enactment of NRS 169.164 does not purport to define what constitutes a crime nor does it erase the several sections of ch. 197 concerning crimes by or against public officers. To this extent, at least, the later enactment does not cover the whole subject matter of the earlier act, and may not, therefore, be deemed a substitute for it. The later statute contains nothing to suggest that an employee of a public officer may no longer be prosecuted for conduct in violation of ch. 197. It is for this reason that we conclude that the district court erred in dismissing the indictment.

3. Our determination with regard to the continued vitality of NRS 193.010(16) for the purposes of ch. 197, does not mean that the 1967 enactment is without meaning. The later definition will be used in criminal prosecutions under ch. 197 to test whether the accused is either a public officer or an assistant, deputy, clerk or employee of a public officer. That definition also is apropos to an action in the nature of quo warranto, NRS 35.010(2); St. Ex Rel. Mathews v. Murray, 70 Nev. 116, 258 P.2d 982 (1935); State Ex Rel. Baker v. Wichman Et Al., 52 Nev. 17, 279 P. 937 (1929), to test the right to a particular office, and the benefits to flow therefrom, State v. Cole, 38 Nev. 215, 148 P. 551 (1915). The 1967 definition contained in NRS 169.164 also is found in Title 23, ch. 281 et seq., and will govern matters embraced by that title.

By so construing the several statutes we have mentioned, meaning is given to each without defeating the legislative intention to any of the areas affected.

Reversed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.