CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, APPELLANT, v. INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1285, RESPONDENT.

No. 7916

December 30, 1975                    543 P.2d 1345

*Carl E. Lovell, Jr.,* Las Vegas City Attorney, and *Leonard P. Smith,* Deputy City Attorney, for Appellant.

*Hilbrecht, Jones & Schreck,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action for declaratory relief was commenced by the City of Las Vegas against the International Association of Firefighters, Local 1285, the collective bargaining representative of the firefighter employees of the City. The City desired to know whether NRS, ch. 280, creating a metropolitan police department in Clark County, repealed by necessary implication a prior City ordinance directing that "firefighters shall be compensated at a monthly rate not less than that provided in the case of police patrolmen."[1] The district court found no repeal and entered judgment for the firefighters. We affirm.

NRS, ch. 280, became effective July 1, 1973. Its purpose was to dissolve local law enforcement agencies in each county having a population of 200,000 or more according to the last

---

[1]The firefighters' ordinance was enacted pursuant to initiative petition. The City was unsuccessful in its effort to void the ordinance on constitutional grounds. See: City of Las Vegas v. Ackerman, 85 Nev. 493, 457 P.2d 525 (1969).

preceding national census, and to merge such agencies into a metropolitan police department in order to increase efficiency, reduce costs and coordinate enforcement. To accomplish that purpose it was necessary to establish a scheme for control, supervision, budgeting and funding different than that which theretofore had existed within the several political subdivisions in the county.

It is the contention of the City that the scheme for control, supervision, budgeting and funding established by ch. 280 necessarily is repugnant to the earlier firefighters' ordinance since the City of Las Vegas no longer controls police patrolmen and their monthly rate of pay.

The test is whether there is an irreconcilable repugnancy between the two laws compelling the conclusion that the later enactment necessarily repeals the earlier. Carson City v. County Commissioners, 47 Nev. 415, 224 P. 615 (1924). A repeal by implication is not favored and will not be indulged if there is any other reasonable construction. State v. Economy, 61 Nev. 394, 130 P.2d 264 (1942); State v. Thompson, 89 Nev. 320, 511 P.2d 1043 (1973). Of course, if the later enactment covers the whole subject matter of the earlier law and it is evident that it was intended as a substitute for it, a repeal by implication does occur. So. Nev. Tel. Co. v. Christoffersen, 77 Nev. 322, 363 P.2d 96 (1961).

Such repugnancy does not exist here. The subject matter of the two laws is different. The firefighters' ordinance concerns only the monthly rate of pay for firefighters. NRS, ch. 280, does not concern firefighters at all. It concerns police personnel. This alone destroys the validity of the City's contention that the later legislative enactment was intended to supersede the earlier city ordinance. The mere fact that the City of Las Vegas may no longer control the rate of pay for police patrolmen is of no consequence. The objective of the firefighters' ordinance was to declare a minimum standard for firefighters' pay. That standard—firefighters shall be compensated at a monthly rate not less than that provided in the case of police patrolmen—is ascertainable notwithstanding the merger of the local law enforcement agencies of Clark County into a metropolitan police department. The City of Las Vegas continues to control the rate of pay for firefighters and has the competence

to meet that standard. We, therefore, affirm the judgment entered below.[2]

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2]The City of Las Vegas paid its firefighters pursuant to the initiative ordinance until July 1, 1973, the effective date of the act creating the metropolitan police department. Thereafter, the ordinance was not honored and parity was not maintained. Consequently, the firefighters counterclaimed below to recover the difference between the monthly salaries actually paid them and the sums which would have been paid to them had the City continued to honor the ordinance. The court granted relief to the counterclaimants for the period July 1, 1973, to March 6, 1974. On the later date, the City of Las Vegas repealed the firefighters' ordinance. Whether the firefighters are entitled to additional compensation beyond March 6, 1974, was not in issue before the trial court nor upon this appeal.