STATE OF NEVADA, Appellant, *v.* RUSSELL D. RHODIG, Respondent.

No. 15677

October 22, 1985          707 P.2d 549

[Rehearing denied February 20, 1986]

*Brian McKay,* Attorney General, Carson City, *Mills Lane,* District Attorney, *Edward B. Horn,* Deputy District Attorney, *Jack G. Angaran,* Deputy District Attorney, and *Gary Hatlestad,* Deputy District Attorney, Reno, for Appellant.

*Johnson & Adams,* Reno, for Respondent.

## OPINION

*Per Curiam:*

After a jury convicted defendant of misconduct of a public official, the court entered a judgment of acquittal on the ground that the evidence was legally insufficient on the element of knowledge. The State appeals, arguing the evidence is sufficient to support the jury's conclusion that beyond a reasonable doubt defendant knew he was receiving compensation for an official

service which he did not actually render. We agree with the State and remand to the district court to reinstate the jury verdict.

Defendant was employed as a Deputy City Marshal for the City of Reno (the City) in April 1981 to serve arrest warrants issued by the Municipal Court of the City. For each arrest warrant served, the City paid defendant $10.00. As a predicate for payment, defendant was required to make telephonic or physical contact with the subjects of outstanding warrants and ask them to post bail or go to court.

On each of the original warrants for which defendant was paid in the April 2, 1981 pay period, defendant signed the lower portion of the return of service which read: "I HEREBY CERTIFY that I received the within warrant on [date] and served the said Warrant by arresting the within-named defendant [name] and bringing him into this Court this [date]. [signed] Marshal of the City of Reno." These documents, entitled "Complaint and Warrant," named an individual as a defendant, and cited a violation of the Municipal Code of the City. The signature of a Municipal Judge of the City appears under an order for the arrest of the subject of the warrant. Defendant received, endorsed and cashed a check for warrants served in the April 2, 1981 pay period.

The majority of the persons named in the warrants credited to defendant for the April 2, 1981 pay period testified at trial that they had no contact with defendant in the process of paying their warrants. After trial, the court entered an advisory verdict of not guilty on behalf of defendant (NRS 175.381), but the jury nevertheless found defendant guilty. Thereafter, the court granted defendant a judgment of acquittal and this appeal followed.[1]

In reviewing the sufficiency of the evidence, the question is not whether the court is convinced of the defendant's guilt beyond a reasonable doubt, but whether the jury, acting reasonably, could have been convinced to that certitude by the evidence it had a right to consider. Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980); see also Jackson v. Virginia, 443 U.S. 307 (1979). "[A] jury may reasonably rely upon circumstantial evidence; to conclude otherwise would mean that a criminal could commit a secret murder, destroy the body of the victim, and escape punishment despite convincing circumstantial evidence against him or her. . . ." Wilkins, 96 Nev. at 374, 609 P.2d at 313; see also Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981).

In convicting Rhodig, the jury must have found beyond a reasonable doubt that (1) at the time of the commission of the offense, defendant was a public officer, (2) defendant asked for or

---

[1]In view of our disposition of this case, we need not decide whether the district court was empowered with the jurisdiction to enter a judgment of acquittal.

received compensation for an official service which he did not actually perform, and (3) defendant acted with the knowledge that he was asking for or receiving compensation for an official service which he did not actually render.[2]

The evidence demonstrated that Rhodig, as a sworn Deputy City Marshal supervised by the City Marshal, was a public officer. NRS 193.019 (definition of public officer); State v. Thompson, 89 Nev. 320, 511 P.2d 1043 (1973). The jury properly could have concluded from the evidence that defendant received compensation of $10.00 each for the service of the arrest warrants credited in the April 2, 1981 payroll check, that defendant received compensation for an official service. The testimony of the persons against whom the warrants were issued evidenced a complete lack of contact with defendant, thereby supporting the jury's conclusion that defendant did not actually perform the official services for which he received compensation.

The central dispute both at trial and on appeal, is whether there was sufficient evidence that defendant knowingly accepted compensation for an official service which he did not actually perform. A conviction under the statute requires that a defendant have knowledge of payment for services not rendered, but the law does not require knowledge that such an act or omission is unlawful. NRS 193.017. State of mind need not be proved by positive or direct evidence, but may be inferred from conduct and the facts and circumstances disclosed by the evidence. Larsen v. State, 86 Nev. 451, 470 P.2d 417 (1970).

The State correctly argues that the element of knowledge is satisfied by proof that defendant signed the arrest warrant for the pay period at issue. Defendant, an educated man who was the principal of a local elementary school, was hired by the City for the sole purpose of serving warrants. Defendant knew that to receive credit, he had to make contact with the person named in the warrant and place his writing on the face of the warrant. Defendant's signature appears on the bottom of the warrants

---

[2]NRS 197.110 provides:
> Every public officer who shall:
> 1. Ask or receive, directly or indirectly, any compensation, gratuity or reward, or promise thereof, for omitting or deferring the performance of any official duty; or for any official service which has not been actually rendered, except in case of charges for prospective costs or fees demandable in advance in a case allowed by law . . . shall be guilty of a gross misdemeanor. . . .

submitted to the City Marshal's secretary for payment by the finance department. Respondent argues that the absence of notations or initials at the top of the warrant document to specifically reflect personal contact with the subject of the warrant refutes the existence of defendant's knowledge. One witness testified that such notations or initials were evidence of personal contact. However, defendant ignores that Myrna House, the City Marshal's secretary, testified that a deputy's signature at the bottom of a warrant was sufficient without other notation to indicate an official service for which payment was made. Additionally, we note defendant's payroll check was endorsed and cashed shortly after it was received.

If the evidence reasonably justifies the jury's verdict, respondent's reference to the inferences that are also consistent with innocence will not warrant interference with the jury's verdict. *See* Schino v. United States, 209 F.2d 67, 72 (9th Cir. 1954). The foregoing is sufficient evidence to support both the jury's conclusion that defendant acted with knowledge and its verdict of guilty. The action of the trial court in entering a judgment of acquittal on the ground of insufficient evidence was improper.

The case is remanded to the district court with directions to set aside the judgment of acquittal and to reinstate the jury verdict. *See* State v. Lewellyn, 266 P. 261 (Utah 1928).