JEFFREY BRUCE YOUNG, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8892

June 25, 1976                                        551 P.2d 425

*Alan B. Andrews,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The Clark County Grand Jury returned an indictment charging Jeffrey Bruce Young with conspiracy to sell a controlled substance. NRS 453.401(5). The offense is punishable as a felony under NRS 453.421, which statute was enacted May 6, 1971, and became effective July 1, 1971. See Stats. of Nev. 1971, ch. 667, § 75, p. 2023.

NRS 199.480, enacted by Stats. of Nev. 1975, ch. 363, § 1, p. 509, provides that such conspiracy be punished as a gross misdemeanor.

A timely filed petition in habeas corpus contended, *inter alia,* Young could not be charged with the felony because the 1975 enactment repealed, by implication, NRS 453.421.[1] The district judge rejected the contention, denied habeas and, in this appeal, Young reurges the same contention.

"This court has heretofore recognized that a statute establishing a comprehensive plan for regulating a particular subject matter, repeals, by necessary implication, an earlier law dealing with but a small part of the same subject. City of Carson v. County Commissioners, 47 Nev. 415, 224 P. 615; State v. Economy, 61 Nev. 394, 130 P.2d 264." So. Nev. Tel. Co. v. Christoffersen, 77 Nev. 322, 326, 363 P.2d 96, 98 (1961).

In our view, the 1975 enactment encompasses a comprehensive plan for regulating punishment of all conspiracies and it, therefore, supersedes the 1971 statute. It is impermissible

---

[1] The applicable portion of the newer statute, NRS 199.480, reads:

"1.   Whenever two or more persons conspire to commit murder, robbery, forcible rape, kidnaping [sic] in the first or second degree, or arson in the first or second degree, every such person shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years.

"2.   *Whenever two or more persons conspire:*

"(a) *To commit any crime other than those set forth in subsection 1; . . .*

"*every such person is guilty of a gross misdemeanor.*" (Our emphasis.)

to charge Young with a felony; accordingly, the district court's order denying habeas corpus is reversed, without prejudice to the prosecutor's right to timely initiate an appropriate charge.