BELINDA GLEGOLA, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 23050

March 30, 1994                                       871 P.2d 950

---

[2]We deny as moot respondent's alternative motion for an extension of time within which to file the answering brief.

*Michael R. Specchio,* Public Defender, and *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of solicitation for prostitution after notice of testing positive for the human immunodeficiency virus (HIV), in violation of NRS 201.358 and NRS 201.354. The district court sentenced appellant to serve a term of fifteen years in the Nevada State Prison.

The significant facts in this case are basically undisputed. On August 6, 1991, appellant met at a bar with undercover officer Blair of the Reno Police Department. Appellant told Blair that she would provide him with the sexual acts of "half-and-half" and "sixty-nine" for $80. Prior to this event, appellant had been informed several times that she has HIV. Reno police officers arrested appellant as appellant and Blair were leaving the bar.

At trial, appellant claimed, and several witnesses testified in support of the claim, that appellant did not intend to engage in sexual activities with Blair. Rather, appellant planned to take the money from Blair and leave. In other words, appellant planned to "trick-roll" Blair. The jury found appellant guilty of one count of solicitation for prostitution after notice of testing positive for HIV. This appeal followed.

Appellant contends that the evidence presented at trial was insufficient to support the jury's finding of guilt. Specifically, appellant contends that there was no evidence indicating that appellant actually intended to engage in sexual activities for a fee. In essence, appellant contends that the offenses provided for in NRS 201.354 and NRS 201.358 are specific intent crimes and that the state is obligated to prove that she intended to actually engage in sexual conduct for a fee. The state argues that the offenses provided for in NRS 201.354 and NRS 201.358 are general intent crimes and that the state is obligated to prove that appellant knowingly solicited another to engage in sexual conduct, and that the state is not obligated to prove that she intended to follow through on her offer.

NRS 201.354 provides:

1. It is unlawful for any person to engage in prostitution or solicitation therefor, except in a licensed house of prostitution.

2. Any person who violates subsection 1 is guilty of a misdemeanor.

NRS 201.358 provides:

1. Any person who:

(a) Violates NRS 201.354; or

(b) Works as a prostitute in a licensed house of prostitution,

after testing positive in a test approved by the state board of health for exposure to the human immunodeficiency virus and receiving notice of that fact is guilty of a felony and shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years, or by fine of not more than $10,000, or by both fine and imprisonment.

2. As used in this section, "notice" means:

(a) Actual notice; or

(b) Notice received pursuant to NRS 201.356.

"Where the intention of the legislature is clear, it is the duty of the court to give effect to such intention and to construe the language of the statute to effectuate, rather than to nullify, its manifest purpose." Sheriff v. Lugman, 101 Nev. 149, 155, 697 P.2d 107, 111 (1985). The legislature intended to create a general intent offense. The statute does not contain language which indicates that a specific intent is an element of the offense. *Cf.* NRS 201.255(2) ("Every person who makes a telephone call *with intent to annoy another . . .*") (emphasis added); NRS 202.040 ("Every minor who shall falsely represent himself to be 21 years of age *in order to obtain any intoxicating liquor . . .*") (emphasis added). Further, nearly all states have adopted prostitution or solicitation for prostitution statutes which define the offense as a general intent crime rather than a specific intent crime. Similarly, ordinances from counties within this state also define solicitation for prostitution as a general intent offense. There is nothing in the legislative histories of NRS 201.354 and NRS 201.358 which would suggest that the legislature intended to deviate from the almost universal definition of solicitation for prostitution. After reviewing other state statutes, reviewing ordinances from counties within the state, and inferring the legislature's intent, we conclude that solicitation for prostitution is a general intent crime. A person commits the crime of solicitation for prostitution

if the person offers, agrees, or arranges to provide sexual conduct for a fee.

Our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). In particular, Officer Blair testified that appellant offered to perform sexual acts in exchange for money. Several witnesses testified that appellant had knowledge of her HIV positive status. The jury could reasonably infer from the evidence presented that appellant committed the crime of solicitation for prostitution after notice of testing positive for HIV.

Appellant further contends, in her proper person opening brief, that she was intoxicated and under the influence of narcotics at the time she made the offer to Officer Blair, thus implying that she did not have the requisite *mens rea* to commit the offense. Witnesses for the state testified that appellant was not intoxicated. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See* Bolden v. State, 97 Nev. 71, 624 P.2d 20 (1981).

Appellant next contends that her fifteen-year sentence is disproportionate to the crime for which she was convicted. The state responds that the punishment is appropriate because the harm threatened by the act of solicitation of prostitution while HIV positive is great; because the "legislature did not intend for the unsuspecting client to be fatally infected before criminals like appellant are treated as felons; [and] because her crime should be treated differently [as] it is much more serious and obviously much more deadly than an ordinary crime of mere solicitation defined as a misdemeanor."

> [T]he legislature, within constitutional limits, is empowered to define crimes and determine punishments, and the courts are not to encroach upon that domain lightly. . . . Thus, it is frequently stated that a sentence of imprisonment which is within the limits of a valid statute, regardless of its severity, is normally not considered cruel and unusual punishment in the constitutional sense.

Schmidt v. State, 94 Nev. 665, 668, 584 P.2d 695, 697 (1978) (citations omitted); *see also* Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680 (1991).

NRS 201.358 provides for a punishment of not less than one year nor more than twenty years. The district court sentenced appellant to a term of fifteen years. Contrary to appellant's argument, the fact that appellant is likely to die of an AIDS related illness during those fifteen years does not make the sentence cruel and unusual punishment. The district court has wide discretion in imposing a prison term and, in the absence of a showing of abuse of such discretion, this court will not disturb the sentence. *See* Deveroux v. State, 96 Nev. 388, 610 P.2d 722 (1980).

Accordingly, we affirm judgment of the district court.