## MAYNOR DAVID VILLANUEVA, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 36348

July 25, 2001

27 P.3d 443

*Robert M. Draskovich, Chtd.*, Las Vegas, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Stewart L. Bell*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before SHEARING, AGOSTI and ROSE, JJ.

## OPINION

*Per Curiam:*

Maynor David Villanueva, a gang member, shot and injured two high school students, members of a rival gang, on the grounds of Clark High School. In consequence, the district judge sentenced Villanueva to life imprisonment with the possibility of parole after twenty years under NRS 193.161(2), the ''on-school-property alternative.''

Villanueva challenges his sentence on three grounds, contending that NRS 193.161(2) is (1) void for vagueness; (2) an unconstitutional delegation of the legislature's duty to define crimes and affix punishments; or (3) inconsistent with NRS 193.330. We reject these contentions and affirm Villanueva's conviction.

## FACTS

Villanueva is a member of a street gang. On October 11, 1999, while visiting an apartment across the street from Clark High School, he noticed Cesar Berber and Antonio Arroyo, students on the high school grounds who were members of a rival gang.

Villanueva entered the school property and approached Berber and Arroyo. After an exchange of tough words, Villanueva brandished a .357 revolver and fired six rounds at the two boys. One bullet struck Berber in his upper right arm, shattering the bone. Another bullet struck Arroyo in his left arm and passed completely through the flesh.

At the time of the shooting, there were approximately twenty to forty other students in the vicinity.

After shooting the victims, Villanueva ran back to the apartment. From there, he and a co-offender attempted to escape in a stolen car, but they abandoned the car upon colliding with another vehicle. Villanueva then fled to a nearby apartment complex. There he robbed a ten-year-old child of his bicycle at knifepoint. He then continued his flight on bicycle. Officers of the Las Vegas Metropolitan Police Department arrested Villanueva shortly thereafter.

Following a preliminary hearing held on November 15, 1999, Villanueva was charged with various enhanced counts, including attempted murder, battery, robbery, and possession of a stolen vehicle. Some of the counts were brought under NRS 193.161(2), the "on-school-property alternative," which allowed the court to sentence Villanueva to longer than usual terms of imprisonment because the crimes occurred on school property. Villanueva pleaded not guilty.

Villanueva petitioned the court for a writ of habeas corpus and filed a motion to strike. He sought to strike the charges against him arguing that NRS 193.161(2) is unconstitutionally vague. The district court denied the petition and motion.

On March 13, 2000, the date set for trial, Villanueva negotiated a plea bargain, wherein he agreed to plead guilty to attempted murder with use of a deadly weapon on school property. But he retained the right to appeal solely from the district court's denial of his motion to strike the alternative sentence provided by NRS 193.161(2).

## DISCUSSION

I. *NRS 193.161(2), the "on-school-property alternative," is constitutional*

In essence, NRS 193.161(2), the statute Villanueva challenges, allows the district court to impose an alternative sentence for felonies committed on school property that cause death or substantial bodily harm:

> 2. Unless a greater penalty is provided by specific statute . . . in lieu of an additional term of imprisonment as provided pursuant to subsection 1, *if a felony that resulted in*

*death or substantial bodily harm to the victim was committed on the property of a public or private school when pupils or employees of the school were present* or may have been present, . . . and the person who committed the felony intended to create a great risk of death or substantial bodily harm to more than one person by means of a weapon, device or course of action that would normally be hazardous to the lives of more than one person, the felony may be deemed a category A felony and the person who committed the felony *may* be punished by imprisonment in the state prison:

(a) For life without the possibility of parole;

(b) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 20 years has been served; or

(c) For a definite term of 50 years, with eligibility for parole beginning when a minimum of 20 years has been served.

(Emphasis added.)

It should first be noted that NRS 193.161(2) is a sentencing alternative, not a sentencing enhancement. When an enhancement is applied, it increases the penalty for the underlying offense. In contrast, the on-school-property alternative does not augment the penalty for the underlying offense, but replaces it.[1]

In his void-for-vagueness argument, Villanueva challenges the sentencing provisions of NRS 193.161(2), arguing that the statutory language "may" is unconstitutionally vague and ambiguous because in using the word "may," the legislature failed to give any direction to the fact finder or the court as to how to interpret and apply the sentencing provisions.

Addressing Villanueva's concern, we first note that there is nothing inherently ambiguous about the word "may." The permissive term simply gives the sentencing court discretion in applying NRS 193.161(2) and in choosing from the various sentences stated therein.

In order to survive a void-for-vagueness challenge, sentencing provisions need only "state with sufficient clarity the consequences of violating a given criminal statute."[2] The consequences for committing a felony on school property, although various alternatives are given, are clearly stated in NRS 193.161(2)(a)-

---

[1]*See* NRS 193.161(3) (noting that "[s]ubsection 2 does not create a separate offense but provides an alternative penalty for the primary offense").

[2]*United States v. Batchelder*, 442 U.S. 114, 123 (1979) (citing *United States v. Evans*, 333 U.S. 483 (1948)).

(c). Thus, we conclude that NRS 193.161(2) is not unconstitutionally vague.[3]

In his constitutional challenge, Villanueva also contends that the legislature has impermissibly delegated its authority to define crimes and affix penalties to the judiciary by allowing the sentencing court broad discretion without providing guidelines for choosing from the various sentencing alternatives.

Primarily in two contexts, we have stated the principle that the legislature holds the power to define crimes and affix penalties and that it may not delegate its power: (1) challenges to sentences as cruel and unusual punishments; and (2) challenges to the authority delegated to administrative agencies.

Regarding the first, we have generally upheld sentences against constitutional challenges so long as the sentence imposed is within the limits of a valid statute.[4] In so doing, we have reminded appellants that it is the legislature's function to set penalties, a function we will not invade absent constitutional problems.[5]

In other cases, we have cited the principle as a limit on the authority of administrative agencies.[6] We have held that the legislature "may delegate the power to determine the facts or state of things upon which the law makes its own operations depend," but the legislature "may not delegate its power to legislate."[7] At no time, however, have we construed this principle as limiting the quantum of discretionary authority that the legislature can delegate to the judiciary for sentencing.

Here, Villanueva does not contend that his sentence is cruel and unusual, nor does he challenge the decision of an administrative agency. Quite to the contrary, he challenges the legislature's grant of discretionary authority to the courts. We reject this challenge. First, the judiciary has long enjoyed discretion in sentencing

---

[3]Villanueva also argues that NRS 193.161(2) is unconstitutionally vague because it fails to provide whether the fact finder or the judge should apply the sentence. Villanueva offers no authority to support this particular contention. *See State, Dept. of Transp. v. Barsy*, 113 Nev. 712, 719, 941 P.2d 971, 976 (1997) ("This court need not consider assignments of error that are not supported by relevant legal authority."). In any event, the contention is groundless.

[4]*See, e.g.*, *Glegola v. State*, 110 Nev. 344, 349, 871 P.2d 950, 953 (1994).

[5]*See id.* at 348, 871 P.2d at 953.

[6]*See, e.g.*, *Sheriff v. Luqman*, 101 Nev. 149, 153, 697 P.2d 107, 110 (1985).

[7]*Id.*

within a wide range of possible sentences fixed by the legislature.[8] This is because a court is well suited to administer justice in sentencing by virtue of its role as an interpreter of laws and as a fact finder intimately familiar with the particular nuances of the case before it.[9] Furthermore, constitutional checks such as the guarantees of due process and equal protection, and the prohibition against cruel and unusual punishment provide adequate parameters to the district courts' exercise of discretion. For these reasons, this court generally defers to the sentence imposed by the district court.[10] Finally, we note that the United States Supreme Court has acknowledged the validity of legislatures creating a "single statute authorizing various alternative punishments."[11]

## II.   NRS 193.161(2) is not inconsistent with NRS 193.330

Villanueva alternatively contends that NRS 193.161(2) does not apply to inchoate crimes, such as attempted offenses, because another sentencing statute, NRS 193.330, governs the sentencing of attempted offenses.

In so arguing, Villanueva calls upon this court to construe the meaning of NRS 193.330. When construing statutes, we generally presume that the plain meaning of the words reflects the legislature's intent, unless that reading violates the spirit of the act or leads to an absurd result.[12]

NRS 193.330 sets forth the mandatory punishment for attempted crimes, such as the attempted murder in this case, but

---

[8]*See Mistretta v. United States*, 488 U.S. 361, 364 (1989) (citing *United States v. Grayson*, 438 U.S. 41, 45-46 (1978)).

[9]*See Randell v. State*, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993) (" '[J]udges spend much of their professional lives separating the wheat from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an appropriate sentence.' " (quoting *People v. Mockel*, 276 Cal. Rptr. 559, 563 (1990))).

[10]*See Glegola*, 110 Nev. at 349, 871 P.2d at 953.

[11]*See Batchelder*, 442 U.S. at 123.

The cases Villanueva relies on do not support his contention. In *United States v. Evans*, 333 U.S. at 483, the legislature failed to specify a penalty to a particular crime, likely by inadvertence, and the Court refused to use statutory construction tools to fill in the gaps. In *Giaccio v. Pennsylvania*, 382 U.S. 399 (1966), the Court addressed a vaguely defined crime. Neither case addresses the issue of whether the legislature violates the separation of powers doctrine when it provides a range of possible sentences without guidelines for applying the sentence.

[12]*See Anthony Lee R., A Minor v. State*, 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997); *Hunt v. Warden*, 111 Nev. 1284, 1285, 903 P.2d 826, 827 (1995).

it only operates in the absence of some other statute prescribing a different penalty:

> 1. An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime. A person who attempts to commit a crime, *unless a different penalty is prescribed by statute*, shall be punished as follows:

(Emphasis added.)

Villanueva concedes that NRS 193.330 defers to other sentencing statutes, but he argues that another sentencing statute should only be applied when the alternate sentence "is prescribed." Villanueva argues that "prescribed" is synonymous with "mandated." The crux of his argument is that because the legislature used the term "may" in drafting NRS 193.161(2), the sentences therein are not "mandatory," and therefore NRS 193.161(2) cannot be used as an alternative to NRS 193.330 because NRS 193.161(2) does not "prescribe" another sentence. Accordingly, Villanueva contends that he should have been given a lesser sentence under NRS 193.330.

The word "prescribed" as used in NRS 193.330 is not as narrow as Villanueva contends. The scope of the definition is not limited to "mandated." *Black's Law Dictionary* 1183 (6th ed. 1990) defines "prescribe": "To direct; define; mark out." Applying this definition to the situation at hand, we conclude that NRS 193.161(2) clearly directs, defines, or marks out a different penalty. Thus, the district court properly applied the on-school-property alternative in place of NRS 193.330.[13]

## CONCLUSION

In conclusion, the sentencing provisions of NRS 193.161(2), the on-school-property alternative, are not unconstitutionally vague because they clearly set forth the consequences of the crimes defined. Furthermore, the sentencing scheme is not an

---

[13]Villanueva also argues that the "rule of lenity," which requires that any ambiguity concerning the ambit of criminal statutes be resolved in favor of the defendant, compels his interpretation of NRS 193.330. *See Shrader v. State*, 101 Nev. 499, 505-06, 706 P.2d 834, 838 (1985). But the rule of lenity does not apply where statutory language is unequivocal and there is no ambiguity to resolve. *See Batchelder*, 442 U.S. at 121-22. We also reject Villanueva's argument that the maxim "expressio unios est exclusion alterius," the expression of one thing excludes others, turns the outcome in his favor.

unconstitutional delegation of legislative authority because the legislature may grant the courts discretion to sentence according to a range of sentences. Finally, the district court was not required to sentence Villanueva under NRS 193.330 because the on-school-property alternative ''prescribed'' a different penalty. Accordingly, we affirm the judgment of the district court.