CHARLES EDWARD WASHINGTON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 36589

September 17, 2001 30 P.3d 1134

---

*Michael R. Specchio,* Public Defender, and *Cheryl D. Bond,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad* and *Terrence P. McCarthy,* Deputy District Attorneys, Washoe County, for Respondent.

Before SHEARING, AGOSTI and ROSE, JJ.

## CORRECTED OPINION

*Per Curiam:*

This case is one primarily of statutory interpretation—whether NRS 453.332, which renders the sale of an imitation controlled substance a misdemeanor, repeals by implication NRS 453.323, which renders the sale of an imitation controlled substance a felony. We conclude that these two statutes proscribe the same conduct, and because NRS 453.332 was enacted after NRS 453.323, NRS 453.323 is repealed by implication. Thus, we reverse the sentence imposed by the district court and remand for resentencing under NRS 453.332, the misdemeanor statute.

### FACTS

On March 29, 2000, the State filed a complaint charging appellant, Charles Edward Washington, with one count of selling an imitation substance, representing it to be a controlled substance. According to the charging documents, Washington offered to sell cocaine to an undercover police officer but actually sold a substance that was not cocaine.

The statute under which Washington was charged, NRS 453.323, made his actions a felony. However, another statute, NRS 453.332, prohibited the same conduct but made it a misdemeanor. In light of NRS 453.332, Washington filed a motion to strike the felony penalty, which the district court denied. Washington also filed a motion to dismiss, arguing that NRS

453.323 was repealed by implication and NRS 453.323 and 453.332 unconstitutionally overlapped.

After a hearing, the district court concluded that because both statutes were amended in 1995, even though merely technically, with no mention of repeal, there was no repeal by implication. In doing so, the district court further concluded that the legislative history of NRS 453.332 indicated that it was meant to fight the sale of imitation prescription drugs, while NRS 453.323 was meant to reduce the sale of imitation street drugs. However, the district court did not reference any particular legislative hearings or statutory language to support that proposition.

The State conceded that it was not sure how NRS 453.332 differed from NRS 453.323 and that it seemed that both statutes covered the same conduct. The district court even concluded that a reasonable person would not know from these two statutes which crime he was actually committing—a felony or a misdemeanor. Despite this conclusion, the district court denied the motion to dismiss.

Washington then submitted two jury instructions for consideration should the case go to trial that would have allowed the jury to consider NRS 453.332 as a lesser included offense.[2] The district court concluded that under the California Court of Appeals case of *People v. Hill*,[3] which dealt with identical statutes under California law, the lesser included instructions on the misdemeanor were impermissible because the conduct covered was the same. Hence, the district court rejected the proposed instructions.

Washington entered a conditional plea of guilty to the felony of selling a substance but representing it to be a controlled substance, reserving the right to appeal his arguments regarding the conflict between NRS 453.323 and NRS 453.332 and the denial of his request for a lesser included instruction on NRS 453.332. He was sentenced to twelve to thirty months in prison, but the district court suspended the sentence and placed him on probation. This timely appeal follows.

## DISCUSSION

In determining whether the imposition of Washington's sentence based on the felony statute, NRS 453.323, instead of the misdemeanor statute, NRS 453.332, was improper, we must engage in traditional mechanisms of statutory interpretation to determine whether these statutes impermissibly overlap. Generally, we interpret statutes based on their plain meaning,

---

[2] The requested instructions stated verbatim subsections one and five of NRS 453.332.

[3] 8 Cal. Rptr. 2d 123 (Ct. App. 1992).

which is intended to reflect legislative intent.[4] Statutes within a scheme and provisions within a statute must be interpreted harmoniously with one another in accordance with the general purpose of those statutes and should not be read to produce unreasonable or absurd results.[5] We also follow the doctrine of lenity, whereby we interpret criminal statutes liberally and construe inconsistencies or ambiguities in the defendant's favor.[6]

When a subsequent statute entirely revises the subject matter contained in a prior statute, and the legislature intended the prior statute to be repealed, the prior statute is considered to be repealed by implication.[7] This practice is heavily disfavored, and we will not consider a statute to be repealed by implication unless there is no other reasonable construction of the two statutes.[8] In making this determination, we look to the text of the statutes, legislative history, the substance of what is covered by both statutes, and when the statutes were amended.[9] The fact that a statute is enacted after another statute, but is subsequently amended without mention of the first statute, may weigh against a finding of legislative intent to repeal by implication.[10] However, a finding that the statutes entirely cover the same conduct could weigh in favor of finding repeal by implication.[11] In addition, if a subsequent statute expresses a comprehensive plan to regulate a particular subject matter, this may repeal prior statutes that deal with smaller aspects of that plan.[12]

The statutes in question here are NRS 453.323, the felony

---

[4]*Anthony Lee R., A Minor v. State,* 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997).

. [5]*Ex Parte Prosole,* 32 Nev. 378, 383, 108 P. 630, 633 (1910); *Anthony Lee R.,* 113 Nev. at 1414, 952 P.2d at 6 (citing *Alsenz v. Clark Co. School Dist.,* 109 Nev. 1062, 1065, 864 P.2d 285, 286 (1993)).

[6]*Shrader v. State,* 101 Nev. 499, 505-06, 706 P.2d 834, 838 (1985), *overruled on other grounds by Foster v. State,* 116 Nev. 1088, 13 P.3d 61 (2000); *see also Villaneuva v. State,* 117 Nev. 664, 670 n.13, 27 P.3d 443, 447 n.13 (2001); *Sheriff v. Encoe,* 110 Nev. 1317, 1319, 885 P.2d 596, 598 (1994).

[7]*See State v. Economy,* 61 Nev. 394, 398, 130 P.2d 264, 266 (1942) (quoting *Thorpe v. Schooling,* 7 Nev. 15, 17-18 (1871)).

[8]*See id.* at 397, 130 P.2d at 266.

[9]*See Jackson v. State,* 93 Nev. 677, 681, 572 P.2d 927, 930 (1977).

[10]*See id*

[11]*See id.*

[12]*Young v. Sheriff,* 92 Nev. 408, 409, 551 P.2d 425, 426 (1976) (quoting *So. Nev. Tel. Co. v. Christoffersen,* 77 Nev. 322, 326, 363 P.2d 96, 98 (1961)).

statute, and NRS 453.332, the misdemeanor statute. NRS 453.323, enacted in 1977, provides in pertinent part:

> 1. A person who offers, agrees or arranges unlawfully to sell, supply, transport, deliver, give or administer any controlled substance classified in schedule I or II and then sells, supplies, transports, delivers, gives or administers any other substance in place of the controlled substance is guilty of a category C felony and shall be punished as provided in NRS 193.130.
>
> . . . .
>
> 3. A person who offers, agrees or arranges unlawfully to sell, supply, transport, deliver, give or administer any controlled substance classified in schedule III, IV or V and then sells, supplies, transports, delivers, gives or administers any other substance in place of the controlled substance is guilty of a category D felony and shall be punished as provided in NRS 193.130.

NRS 453.332, enacted in 1983, provides in pertinent part:

> 1. Except as otherwise provided in subsection 6, it is unlawful for a person to manufacture, distribute, sell or possess with the intent to distribute or sell an imitation controlled substance.
>
> 2. Except as otherwise provided in subsection 3, a person who violates subsection 1 is guilty of a misdemeanor.
>
> . . . .
>
> 4. A person who:
>
> (a) Uses or possesses with the intent to use an imitation controlled substance; or
>
> (b) Advertises or solicits in any manner with reasonable knowledge that the advertisement or solicitation is to promote the distribution of an imitation controlled substance,
>
> is guilty of a gross misdemeanor upon his first and second convictions, and upon a third or any further conviction, is guilty of a category C felony and shall be punished as provided in NRS 193.130.
>
> 5. For the purposes of this section:
>
> (a) "Distribute" means the actual, constructive or attempted transfer, delivery or dispensing to another of an imitation controlled substance.
>
> (b) "Imitation controlled substance" means a substance, not a controlled substance, which:
>
> (1) In the form distributed is shaped, marked or colored so as to lead a reasonable person to believe it is a controlled substance; or
>
> (2) Is represented to be a controlled substance. In determining whether such a representation was made, the court

shall consider, in addition to all other logically relevant factors:

(I) Statements made by the defendant regarding the nature of the substance, its use or effect.

(II) Statements made by the defendant regarding the recipient's ability to resell the substance at a substantially higher price than is customary for the substance.

(III) Whether the substance is packaged in a manner normally used for illicit controlled substances.

6. This section does not apply to the manufacture, distribution, sale or possession of an imitation controlled substance for use as a placebo by a practitioner in the course of his professional practice or research.

Looking at the actual language of and conduct covered by these two statutes, we conclude that they substantially overlap both in form and application and cover identical conduct—punishing a person who sells imitation controlled substances, having represented them to be actual controlled substances. Under NRS 453.323(1), a person must represent a substance to be a controlled substance under schedules one or two,[13] and actually sell an imitation substance in its place. The seller must also know that he has represented the substance to be controlled, and there is an implied requirement of knowledge that the substance sold was different from what it was represented to be.[14]

NRS 453.332(1) also prohibits a person from selling an imitation controlled substance, which is defined as an item that a person represents to be controlled by virtue of its shape, size, coloring or packaging.[15] Moreover, the person must specifically intend to sell an imitation substance.[16] The only cognizable differences between these two statutes are that NRS 453.332 punishes manufacture, distribution or possession in addition to sale,[17] excludes placebos in medical research from its coverage,[18] and does not refer to schedules to classify the controlled substances.[19]

Although the words may differ, the ultimate conduct that is punished by each statute is the same. In essence, the only true dif-

---

[13]The different schedules are set out in NRS 453.166–.219 and categorize controlled substances according to their potential for abuse and medical viability.

[14]NRS 453.323(1); *see also* Hearing on S.B. ·268 Before the Senate Judiciary Comm., 59th Leg. (Nev., March 16, 1977).

[15]NRS 453.332(5).

[16]NRS 453.332(1).

[17]*Id.*

[18]NRS 453.332(6).

[19]*See generally* NRS 453.332.

ference between NRS 453.323 and 453.332 is the penalty. Thus, this indicates to us a legislative intent that the earlier statute, NRS 453.323, would be repealed by implication since its entire substance is covered by NRS 453.332.

This conclusion is in accordance with our view in *Sheriff v. Williams* that the purpose of NRS 453.323 was to "condemn any activity which encourages the sale or appearance of sale of a controlled substance."[20] NRS 453.332 does exactly that and its legislative history reveals the same underlying purpose.[21] Despite the dicta in *Paige v. State* that these two statutes along with NRS 453.321 "are part of an overall statutory scheme that is designed to supplement, not supplant, the intended coverage of one another,"[22] we conclude that the only logical and reasonable construction of NRS 453.323 and 453.332 is that they are identical and NRS 453.332 does supplant NRS 453.323.

The timing of the enactment of these statutes further supports our conclusion. NRS 453.332 was enacted in 1983, after NRS 453.323. When enacted, however, there was no mention as to its effect on NRS 453.323.[23] Additionally, both statutes were amended in 1995 in accordance with an overarching revision of all criminal statutes to classify all felonies in categories; no substantive changes were made.[24] NRS 453.332 was again amended in 1999, without mention of NRS 453.323, to provide for restitution for drug treatment when the victim was a minor.[25] Despite these amendments without mention of NRS 453.323, this does not alter our interpretation of the legislative intent to repeal NRS 453.323 by 453.332; all of the subsequent amendments were

[20]96 Nev. 22, 25, 604 P.2d 800, 801 (1980).

[21]*See* Hearing on A.B. 388 Before the Assembly Commerce Comm., 62d Leg. (Nev., April 13, 1983); *see also* Hearing on A.B. 388 Before the Senate Human Resources and Facilities Comm., 62d Leg. (Nev., May 11, 1983). This is also consistent with the California Court of Appeals' interpretation of the California statutes criminalizing the sale of imitation controlled substances, which are identical to Nevada's statutes. *See People v. Hill*, 8 Cal. Rptr. 2d 123, 128-29 (Ct. App. 1992); *see also In re Terry H.*, 47 Cal. Rptr. 2d 791, 794 (Ct. App. 1995).

[22]116 Nev. 206, 209, 995 P.2d 1020, 1022 (2000). Moreover, *Paige* dealt with a comparison of NRS 453.321 (proscribing the sale of controlled substances) and NRS 453.323 (proscribing the sale of imitation controlled substances) and did not deal with the similarity in coverage between NRS 453.323 and NRS 453.332. Thus, it does not bind our more in-depth interpretation of the interplay between NRS 453.323 and 453.332 in this case.

[23]*See* Hearing on A.B. 388 Before the Assembly Commerce Comm., 62d Leg. (Nev., April 13, 1983); *see also* Hearing on A.B. 388 Before the Senate Human Resources and Facilities Comm., 62d Leg. (Nev., May 11, 1983).

[24]1995 Nev. Stat., ch. 443, §§ 287, 290, at 1283-84.

[25]1999 Nev. Stat., ch. 124, § 1, at 748.

merely clerical and did not represent any substantive comment on the scope of NRS 453.332's applicability.

The legislative history of NRS 453.323 and 453.332 does not alter this conclusion. Although the legislative hearings on both statutes do not expressly mention each other, they do lend credence to the conclusion that the statutes were meant to cover the same conduct because they both discuss the purpose of the statutes as being to prevent the activity of selling or appearing to sell (through a fraudulent misrepresentation) any controlled substance.[26]

The only possible indicator that the statutes were meant to cover different acts lies in an exhibit present at the April 13, 1983, Assembly hearing on NRS 453.332. In that exhibit, the Mayor of Las Vegas expressed his support, in a letter, for a statute that penalized the sale of "look-alike drugs" that purported to give children a "legal way to get high."[27] This suggests that NRS 453.332 may have been intended to focus more on the sale of pre-scription or over-the-counter drugs (such as Tylenol, hormone pills, or caffeine pills) as controlled substances. However, this is never raised again in any of the legislative hearings nor expressed implicitly or explicitly in the language of the statute eventually passed.

Because we interpret the intent of the legislature in favor of the defendant when a criminal statute is ambiguous, we conclude that the statutes in this case are substantially similar and cover identi-cal conduct, and NRS 453.332 entirely subsumes the coverage of NRS 453.323. Hence, because NRS 453.332 entirely covers the conduct contained in NRS 453.323, and the legislative history reveals no variance in the policies each were designed to promote, we conclude that NRS 453.323, the felony statute, was repealed by implication with the enactment of NRS 453.332. Accordingly, we vacate Washington's conviction and sentence based on the felony statute and remand this matter to the district court for appropriate proceedings under NRS 453.332 as a misdemeanor.

Because we conclude that NRS 453.323 was repealed by impli-cation, we need not address Washington's argument that the dis-parity in the two statutes creates an unconstitutional delegation of power to the prosecutor to select a defendant's sentence under

[26]*See, e.g.,* Hearing on S.B. 268 Before the Senate Judiciary Comm., 59th Leg. (Nev., March 16, 17, 24, 1977); Hearing on S.B. 268 Before the Assembly Judiciary Comm., 59th Leg. (Nev., April 17, 1977); Hearing on A.B. 388 Before the Assembly Commerce Comm., 62d Leg. (Nev., April 13, 1983); Hearing on A.B. 388 Before the Senate Human Resources and Facilities Comm., 62d Leg. (Nev., May 11, 1983).

[27]Hearing on A.B. 388 Before the Assembly Commerce Comm., 62d Leg., Exhibit A (Nev., April 13, 1983).

*Lapinski v. State.*[28] Moreover, we also need not address whether a lesser included offense instruction is required on the misdemeanor charge when the defendant is charged with the felony since the felony statute in this case was repealed.[29]

## CONCLUSION

In light of the substantial similarity in the plain language of NRS 453.323 and NRS 453.332, the similar legislative history and the fact that the identical conduct is proscribed by each statute, we conclude that NRS 453.323 was repealed by implication due to the subsequent enactment of NRS 453.332. We therefore reverse Washington's judgment of conviction and sentence and remand the case to the district court for proceedings consistent with this opinion.

---

[28]84 Nev. 611, 446 P.2d 645 (1968).

[29]The United States Supreme Court addressed this issue in *Berra v. United States* and concluded that if two statutes cover identical conduct and differ only in penalty, a lesser included offense instruction is not permitted because it invites the jury to pick sentences, which is a duty traditionally left to the judge. 351 U.S. 131, 134-35 (1956), *superseded by statute on other grounds as stated in Sansone v. United States,* 380 U.S. 343, 350 n.6 (1965).