NUMBER 13-01-497-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


LEAMON BUTCH JACKSON, JR. , Appellant,
v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 25th District Court

of Lavaca County, Texas.

__________________________________________________________________

O P I N I O N


Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Leamon Butch Jackson, Jr., entered an open plea of guilty to the offense of aggravated robbery. The victim was
appellant's seventy-five-year-old mother. Appellant also pleaded "true" to a repeat offender enhancement paragraph.(1)After
finding appellant guilty and the allegations in the enhancement paragraph to be true, the trial court assessed punishment at
thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court denied
appellant's motion for new trial. By his sole issue, appellant contends the trial court abused its discretion when it overruled
his motion for new trial because his thirty-year sentence amounts to cruel and unusual punishment in violation of the
Eighth Amendment. (2) Appellant asserts that the sentence was disproportionate to the offense because this was a family
dispute and no one was hurt. He also asserts that the trial court erred when it failed to give adequate consideration to his
individual situation, including his age, health and the age of his mother.

The general rule is that punishment falling within the applicable range prescribed by the legislature is not excessive, cruel
or unusual, and will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); see Harris
v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.-Beaumont
1996, no pet.); Morales v. State, 897 S.W.2d 424, 427 (Tex. App.-Corpus Christi 1995, pet. ref'd). We review the trial
court's punishment decision under an abuse of discretion standard. Jackson, 680 S.W.2d at 814.

Aggravated robbery is a first degree felony. Tex. Pen. Code Ann. § 29.03(b) (Vernon 1994). Furthermore, if it is shown at
the trial of a first degree felony that the defendant has been once before convicted of a felony, on conviction he shall be
punished by imprisonment for life or a term of not more than ninety-nine years or less than fifteen years. Id. at §
12.42(c)(1) (Vernon Supp. 2002). In this case, appellant was convicted of aggravated robbery and was found to have had a
prior felony conviction. Thus, his sentence of thirty years was well within the permissible statutory range for a repeat
offender convicted of aggravated robbery. See id. Following the general rule, we would, therefore, conclude that because
appellant's punishment fell within the applicable range prescribed by the legislature, it is not excessive, cruel or unusual.
However, after considering the record and appellant's arguments to the trial court and now on appeal, it is apparent that he
is urging, more specifically, that the sentence imposed is disproportionate to the offense committed.

In Solem v. Helm, 463 U.S. 277 (1983), the United State Supreme Court set out a the three-prong test for proportionality
that included looking at: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other
criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.
Id. at 292. The Supreme Court re-examined the Solem test in Harmelin v. Michigan, 501 U.S. 947 (1991). It is unclear
from Harmelin whether the Solem proportionality test survived. See Sullivan v. State, 975 S.W.2d 755, 757 (Tex.
App.-Corpus Christi 1998, no pet.). However, when the Fifth Circuit later analyzed Harmelin, it concluded:

 we will initially make a threshold comparison of the gravity of [the appellant's offense] against the severity of his sentence.
Only if we infer that the sentence is grossly disproportionate to the offense will we then consider the remaining factors of
the Solem test and compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2)
sentences for the same crime in other jurisdictions.

McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). 

This Court has not explicitly decided whether to follow the McGruder test or to retain the old Solem test in cases raising the
issue of disproportionality of the sentence imposed. See Sullivan, 975 S.W.2d at 747. Nonetheless, assuming, arguendo,
the viability of a proportionality review, the application of either test in this case leads us to the conclusion that appellant's
sentence was not grossly disproportionate to the offense committed.

In both Solem and McGruder, we look first at the gravity of the offense and the harshness of the penalty. Solem, 463 U.S.
at 290; McGruder, 954 F.2d at 316. Appellant contends the punishment is disproportionate because the offense resulted
from a family dispute between a mother and her son. Appellant, however, provides us with no authority, and we find none,
for the proposition that an aggravated robbery involving a "family dispute" should be assessed differently than one not
involving such a dispute. Appellant further complains of disproportionality because no one was hurt. The record, however,
does not support this contention. Our review of the evidence admitted at the sentencing hearing reveals that appellant
threatened his mother with a knife in an attempt to get money for drugs. He then bound her hands, feet, and mouth with
duct tape, placed her in the trunk of her car, and left her on the side of a road in a rural area.

Appellant also asserts his health problem should have been taken into consideration. At the hearing on his motion for new
trial, appellant testified that he was told that the tumor in his hip "could possibly be cancerous," but that nothing would be
done because it could be too painful. Appellant again cites no authority, and we find no Texas cases in support of these
contentions. We are persuaded, however, by the Nevada Supreme Court's holding rendered on a similar health-related
issue.

In Glegola v. Nevada, 110 Nev. 344, 871 P.2d 950 (1994), a defendant convicted of soliciting prostitution after having been
informed that she was infected with HIV, was sentenced to fifteen years' imprisonment. Glegola, 871 P.2d at 951. She
argued that the penalty was tantamount to cruel and unusual punishment since she would probably die of an AIDS- related
illness while incarcerated. Id. at 953. The court rejected this argument that the likelihood of death behind bars as a result
of her disease violated her eighth amendment rights. Id. Likewise, we reject appellant's contentions. The fact that
appellant may suffer from a cancerous tumor does not factor into the required analysis regarding the proportionality of
appellant's sentence compared to the severity of the crime. Appellant's disease does not render the crime committed any
less severe, nor does it affect the appropriateness of a thirty-year sentence imposed on a repeat felony offender convicted of
aggravated robbery.

Finally, appellant contends his age and that of his mother's, as well as their relationship, should have been considered.
Appellant will be seventy-four years of age before he is released from the penitentiary. Furthermore, his mother, the
victim, who was seventy-five at the time of trial, requested that the district attorney not proceed with the prosecution, and
testified before the trial court at the time of sentencing and expressly requested leniency be shown because of her age, her
son's age and because appellant is her only son. Appellant urges that his mother cannot have a reasonable expectation that
she will be alive when appellant is released. Even if paroled, appellant contends his mother cannot reasonably expect to be
alive or to have her right mind if she is alive at that time. Applying the above analysis to appellant's argument that age and
relationship make the sentence disproportionate to the offense committed, we reach the same conclusion that these factors
do not render the crime committed any less severe, nor do those factors affect the appropriateness of a thirty-year sentence
imposed on a repeat felony offender convicted of aggravated robbery. The thirty-year term imposed by the trial court
represents only one-third of the sentence that could have been imposed, well below the maximum term of imprisonment
permitted by statute. We find no gross disproportionality, and our analysis under McGruder is complete. 

Continuing our analysis of the remaining two factors under Solem, there is no evidence in the record before this Court as to
the sentences imposed in Texas and other jurisdictions for the commission of similar crimes. Therefore, we are unable to
make a comparative evaluation. See Sullivan, 975 S.W.2d at 757; Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.-Tyler
1996, no pet.). 

Accordingly, under either test, appellant's sentence is not grossly disproportionate and does not violate the cruel and
unusual punishment provision of the Eighth Amendment. The trial court did not abuse his discretion in sentencing
appellant to thirty years confinement. Appellant's sole point of error is overruled.

 The judgment of the trial court is affirmed.

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 7th day of March, 2002.

 

1. The prior offense was a felony conviction in 1991 for possession and delivery of cocaine.

2. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S.
Const. Amend. VIII.