An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS WILLIAM HARSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59417

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of possession of a stolen vehicle and possession of burglary tools. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

First, appellant Thomas Harsh contends that insufficient evidence supports his conviction for possession of a stolen vehicle because there was no damage to the vehicle, the insurer and registrant of the vehicle did not testify, and the State did not demonstrate that he knew or should have known that the vehicle was stolen. We review the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Here, the jury heard testimony that the victim reported the theft of her Toyota to the police. The police verified the victim's ownership of the Toyota—her former boyfriend had given her the Toyota and signed the motor vehicle title over to her. The police subsequently spotted and stopped the Toyota, discovered that Harsh was the driver, and found a shaved Hyundai key in the ignition switch. The police also found other shaved keys, a flathead screwdriver, and a Leatherman multi-tool in the

13-07781

Toyota. Harsh told the police that the car was not his and that he "borrowed it from a guy," but he was unable to provide the guy's name or contact information. We conclude that a rational juror could reasonably infer from this evidence that Harsh committed the offense of possession of a stolen vehicle. See NRS 205.273(1)(b). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. See Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also Buchanan v. State, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003) (circumstantial evidence alone may sustain a conviction).

Second, Harsh contends that the district court abused its discretion by denying defense counsel's motion to withdraw because there was a breakdown in communications and defense counsel indicated that a conflict of interest might exist if he testified on his own behalf.[1] A criminal defendant has a Sixth Amendment right to counsel who is reasonably competent and conflict-free. Daniels v. Woodford, 428 F.3d 1181, 1196 (9th Cir. 2005). To overcome the presumption that defense counsel is reasonably competent, a defendant must show that counsel's representation was unreasonable under the prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish a violation of the right to conflict-free counsel, a defendant "must show that an actual conflict of interest adversely affected his lawyer's performance." U.S. v. Moore, 159 F.3d 1154, 1157 (9th Cir. 1998) (internal quotation marks omitted). Here, the record reveals that the district court made

---

[1]Defense counsel's motion was made on the first day of trial and did not purport to be a motion to substitute counsel. See generally Young v. State, 120 Nev. 963, 968-69, 102 P.3d 572, 576 (2004).

inquiries about defense counsel's motion and there was no showing that her representation was unreasonable or conflicted. Accordingly, we conclude that Harsh has failed to demonstrate that the district court erred by denying defense counsel's motion to withdraw as attorney of record.

Third, Harsh contends that the district court abused its discretion by admitting a vehicle title into evidence because the title was issued four months after the alleged offense and was therefore irrelevant or prejudicial to the defense. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." Mclellan v. State, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The record reveals that the title was relevant to ownership of the vehicle, the State's foundation for its admission into evidence alleviated any risk of confusion, and it was not unfairly prejudicial to the defense. See NRS 48.015; NRS 48.035(1). Accordingly, we conclude that the district court did not abuse its discretion by admitting the vehicle title into evidence.

Fourth, Harsh contends that the district court erred by refusing to instruct the jury on the offense of unlawful taking of a vehicle. Although a defendant is entitled to a jury instruction on his theory of the case if some evidence supports it, Harris v. State, 106 Nev. 667, 670, 799 P.2d 1104, 1105-06 (1990), a defendant is not entitled to instructions that are "misleading, inaccurate or duplicitous," Carter v. State, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). An instruction on the offense of unlawful taking of a vehicle would be misleading and inaccurate because unlawful taking of a vehicle is not a lesser-included offense of possession of a stolen vehicle, Harsh was not charged with unlawful taking of a vehicle, and the instruction would incorrectly suggest that the jury could find Harsh guilty of unlawful taking of a vehicle. See NRS 205.2715(1); NRS 205.273(1);

Smith v. State, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004) (defining lesser-included offense); Peck v. State, 116 Nev. 840, 845, 7 P.3d 470, 473 (2000) (a defendant is not entitled to an instruction on a lesser-related offense), overruled on other grounds by Rosas v. State, 122 Nev. 1258, 1269, 147 P.3d 1101, 1109 (2006). Accordingly, we conclude that the district court did not abuse its discretion by refusing to give this instruction.

Fifth, Harsh contends that the district court abused its discretion by adjudicating him a habitual criminal because it relied upon erroneous information contained in the presentence investigation report (PSI) and his prior convictions were for non-violent offenses that were remote in time. The district court has broad discretion to dismiss a count of habitual criminality. See NRS 207.010(2); O'Neill v. State, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007). Our review of the record reveals that the district court asked about the scanner and credit cards mentioned in the PSI and was informed that no charges were filed regarding these items. The record further reveals that the district court understood its sentencing authority and exercised its discretion not to dismiss the count. See Hughes v. State, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000); see also Arajakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions."). We conclude that the district court did not abuse its discretion by adjudicating Harsh a habitual criminal.

Sixth, Harsh contends that his sentence of life imprisonment with the possibility of parole after ten years constitutes cruel and unusual punishment because the sentencing statute is unconstitutional, the sentence does not serve the interest of justice, and he needs treatment for

SUPREME COURT
OF
NEVADA

(O) 1947A

his mental illness. We review a district court's sentencing decision for abuse of discretion, Chavez v. State, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and the constitutionality of a statute de novo, Silvar v. Dist. Ct., 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional. In order to meet that burden, the challenger must make a clear showing of invalidity." Id. (footnote omitted). Harsh appears to claim that NRS 207.010(1)(b) is unconstitutional because the legislative history indicates that habitual criminal punishment should be reserved for repeat offenders who have committed violent crimes. However, NRS 207.010(1)(b) is clear on its face and plainly applies to all felonies and not just those involving violent crimes. See State v. Lucero, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011) ("[W]hen a statute is clear on its face, a court cannot go beyond the statute in determining legislative intent." (internal quotation marks omitted)). Because Harsh has not demonstrated that the habitual-criminal-punishment statute is unconstitutional, his sentence falls within the parameters of that statute, see NRS 207.010(1)(b)(2) and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense and Harsh's history of recidivism as to shock the conscience, we conclude that the sentence does not violate the constitutional proscriptions against cruel and unusual punishment. Ewing v. California, 538 U.S. 11, 29 (2003) (plurality opinion); Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion); Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); Glegola v. State, 110 Nev. 344, 348, 871 P.2d 950, 953 (1994); see also Arajakis, 108 Nev. at 983, 843 P.2d at 805.

Having considered Harsh's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Doug Smith, District Judge
Keith C. Brower
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk