# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD HOWARD,
Appellant,
vs.
WILLIAM SANDIE, WARDEN,
Respondent.

No. 72131

**FILED**

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Ronald Howard argues that the credits he has earned pursuant to NRS 209.446 must be applied to his parole eligibility as provided in NRS 209.446(6)(b). That provision states that credits earned under NRS 209.446 "[a]pply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence which must be served before a person becomes eligible for parole." NRS 209.446(6)(b). We recently held that credits apply to parole eligibility under similar language in NRS 209.4465(7)(b) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. *Williams v. State*, 133 Nev., Adv. Op. 75 at 4-10, ___ P.3d ___ (2017).[1] Howard is

---

[1]Having considered Howard's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-43285

currently serving a sentence pursuant to such a statute for lewdness with a child under the age of 14 years. *See* NRS 201.230(1) (1995). The district court, which did not have the benefit of our decision in *Williams*, erred to the extent it concluded that the sentencing statute required Howard to serve the minimum term imposed before being eligible for parole.

The district court also focused on NRS 213.120(2) (1995), which provided that "[a]ny credits earned to reduce [a prisoner's] sentence pursuant to chapter 209 of NRS while the prisoner serves the minimum term of imprisonment may reduce only the maximum term of imprisonment imposed and must not reduce the minimum term of imprisonment." That provision conflicts with NRS 209.446(6)(b). We considered the same conflict between NRS 213.120(2) (1995) and NRS 209.4465(7)(b) in *Williams*. There, we observed that NRS 209.4465(7)(b) would control under the implied repeal canon of statutory construction because it was enacted after NRS 213.120(2) (1995). *Williams*, 133 Nev., Adv. Op. 75 at 12. The same cannot be said with respect to NRS 209.446(6) because it was enacted in 1985, *see* 1985 Nev. Stat., ch. 615, § 1, at 1924-25, making NRS 213.120(2) (1995) more recent in time. The implied repeal canon, however, "is heavily disfavored, and [this court] will not consider a statute to be repealed by implication unless there is no other reasonable construction of the two statutes." *Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1137 (2001), *cited with approval in Williams*, 133 Nev., Adv. Op. 75 at 11. As explained in *Williams*, there is another reasonable construction of the two statutes using the general/specific canon. 133 Nev., Adv. Op. 75 at 11-12. Under that canon, the more specific statute is construed as an exception to the general statute. *Id.* In *Williams*, we determined that NRS 213.120(2) (1995) was the more general statute with its blanket prohibition against the

application of credits to all minimum sentences whereas NRS 209.4465(7)(b) was the more specific statute. *Id.* at 11-12 & n.8. The same is true here given that NRS 209.446(6)(b) is identical to NRS 209.4465(7)(b). We therefore conclude that NRS 209.446(6)(b) sets forth an exception to NRS 213.120(2) (1995).

For the reasons stated above, we conclude that pursuant to NRS 209.446(6)(b), the credits that Howard has earned pursuant to NRS 209.446 apply to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jim C. Shirley, District Judge
       Ronald Howard
       Attorney General/Carson City
       Pershing County Clerk

---

[2]If Howard has already appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. The district court's order indicates that Howard has not yet appeared before the parole board on the lewdness sentence.